JESSE SHELTON *v.* STATE OF ARKANSAS

5648                                    475 S.W. 2d 538

Opinion delivered January 31, 1972

*James K. Young,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Milton Lueken,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. Jesse Shelton was found guilty of first degree rape at a jury trial in the Pope County Circuit Court and was sentenced to imprisonment for life. On appeal to this court he relies on the following points for reversal:

"The court erred in its refusal to release the jury for the reason that they had never been sworn to answer questions touching their qualifications on voir dire.

The court erred in refusing to discharge the jury for the reason that four jurors, who were seated, were never impaneled, nor their qualifications investigated by the judge.

The court erred in permitting the state to introduce an alleged oral confession when the same was purportedly made in violation of the constitutional rights of the appellant.

The court erred in failure to give the requested instruction on assault with intent to rape."

It could serve no useful purpose to set out and discuss the evidence in detail. The prosecutrix, when testifying at the trial, positively identified the appellant as her assailant and her testimony and that of her examining physician were amply sufficient to sustain a conviction for rape (*McDonald* v. *State,* 160 Ark. 185, 254 S. W. 549; *Smith* v. *State,* 160 Ark. 178, 254 S. W. 463). We conclude, therefore, that the trial court did not err in refusing to give appellant's requested instruction on assault with *intent* to rape. We regret, however, that we must reverse for other error which could have so easily been avoided.

As to the appellant's first two points, the record is not clear as to the procedure followed in making up the jury in this case. The record is further complicated by the apparent fact that two separate trial judges participated in forming the jury and the record simply does not reveal what oaths were administered in connection with the formation of the jury. The Honorable Russell C. Roberts is the regularly elected circuit judge in Pope County and the Honorable William J. Kirby is the regularly elected circuit judge in Pulaski County. Apparently Judge Kirby was sitting on exchange with Judge Roberts when the petit jury panel from which the jury was selected to try this case was made up in Pope County some weeks prior to the trial of this case. The record is void as to what action was taken by Judge Kirby except the circuit clerk of Pope County did testify that Judge Kirby "swore the jury." The clerk testified that Judge Kirby "swore all that was present," but that he does not know whether all the veniremen were present or not. The jury before whom the appellant was tried was not sworn on voir dire and the appellant directs his first point to this assigned error. Four of the

jurors before whom the appellant was tried indicated by a raise of their hands, that they were not present when Judge Kirby swore in the panel. It is to these four jurors that the appellant's second assignment is directed. Since we must reverse because of the error assigned under the appellant's third point, we do not determine whether the appellant waived the oath of the jury on voir dire as was done in *Smith* v. *State, supra,* or waived the alleged improper empaneling of the four unnamed jurors by failure to exercise peremptory challenges, as these alleged errors are not likely to arise again on retrial.

As to appellant's third point, the state offered in evidence through the testimony of Mr. Deloin Cossey of the state police, an oral confession made by the appellant to Mr. Cossey. A separate hearing was held outside the presence of the jury to determine the voluntariness and admissibility of appellant's confession. After hearing the testimony, the trial court did not make a specific finding that the confession was voluntary but did hold that it was admissible in evidence, so we conclude that the trial court did find the confession to have been voluntarily made, otherwise he would not have held it admissible in evidence.

Mr. Cossey testified that he advised the appellant of his constitutional rights, including his right to an attorney. He testified that when he had finished advising the appellant of his constitutional rights and before the appellant told him anything, the appellant specifically requested to see "Doc" Irwin. He says that he advised the appellant that "Doc" Irwin was the deputy prosecuting attorney, but that the appellant insisted on seeing him anyway. He testified that Mr. Irwin came over and talked with the appellant, after which the appellant made the incriminating statement offered in evidence.

Mr. Bill Abernathy, sheriff of Pope County, also testified that the appellant requested permission to talk with the deputy prosecuting attorney and that after doing so the appellant made the statement offered in evi-

dence. Mr. Cossey and the sheriff deny that they offered any inducement to the appellant in exchange for a statement, and they deny that they heard anyone else make such offer. Both of these officers testified, however, that they did not hear the conversation between the appellant and Mr. Irwin immediately before the appellant made the incriminating statement offered in evidence.

The appellant testified that when he was being questioned as to his whereabouts on the dates involved, he requested that an attorney be present. He says that the officers advised him that they would call "Doc" Irwin who had represented him in a divorce matter (and who was also the assistant prosecuting attorney). On cross-examination the appellant testified in part as follows:

"Q. Jesse, did I understand that you asked for a lawyer?

A. Yes, sir.

Q. Who did you ask for?

A. I told the sheriff—not the sheriff but Mr. Cossey.

Q. Did you tell him who you wanted to see?

A. No. I said I wanted an attorney present.

Q. You told them you wanted to see a lawyer?

A. Yes.

Q. Who was present?

A. Mr. Cossey is the only one I can think of.

Q. Just you and Cossey?

A. Yes.

Q. He told you—

A. I told him I would remain silent, but they kept on, which I was silent a while, and they kept—

Q. Who promised you anything?

A. They did, the sheriff and Mr. Irwin said they would try to help me all they could.

Q. Did they promise you anything other than that?

A. No, sir.

Q. Did they tell you they would get you a lawyer if you wanted one?

A. No, sir.

Q. They didn't tell you that?

A. No, sir."

Near the conclusion of the in-chambers hearing the following colloquy between the prosecuting attorney and the appellant's attorney occurred:

"MR. YOUNG: Judge, we have some cases here that say if a promise is made, however slight—

MR. STREETT: You have a conflict here. Mr. Shelton says there was. The officers say there was not.

MR. YOUNG: No question about an attorney. They agree about that.

MR. STREET: He was furnished one.

MR. YOUNG: He was furnished the deputy prosecuting attorney. A confession is not admissible when the defendant was denied the right to get an attorney."

In summarization, the State's witnesses say that the appellant specifically asked to talk with "Doc" Irwin; that they advised him "Doc" Irwin was the assistant prosecuting attorney and that he still insisted that he wanted to talk with "Doc" Irwin. The appellant testified that he simply requested the assistance of an attorney and that he was furnished the deputy prosecuting attorney who had represented him in a divorce case. He denies that he specifically asked to talk to "Doc" Irwin. It is agreed that the appellant did talk with "Doc" Irwin before he made his confession to Mr. Cossey and that after talking with Mr. Irwin he did make the statement which was offered in evidence. The appellant testified that the sheriff and "Doc" Irwin promised that they would try to help him all they could, as an inducement in obtaining a statement from him. Both Mr. Cossey and the sheriff deny that they made any promises to the appellant and they deny that they heard anyone else make any promises to him. They testified, however, that they did not hear the discussion between the appellant and Mr. Irwin, but that immediately after the appellant talked with Mr. Irwin he did make the statement offered in evidence. Mr. Irwin represented the state in the prosecution of the appellant at his trial but Mr. Irwin did not testify as to whether he did or did not make promises to the appellant as an inducement to obtaining a confession from him. So as the record now stands, the appellant's testimony is uncontradicted that the assistant prosecuting attorney agreed to try to help the appellant all that he could in exchange for the statement offered in evidence. Under these circumstances we hold that the trial court erred in holding the statement voluntarily made and admissible in evidence.

As far back as 1887 in *Corley* v. *State,* 50 Ark. 305, the defendant was told by the prosecuting attorney that if he would tell the whole truth, the state would deal fairly with him. Following this, and similar suggestions from members of the grand jury, the defendant was convicted on evidence tainted by his confession. In reversing the conviction, we said:

"The rule is established in this state, in accord with the unvarying current of authority elsewhere, that

a confession of guilt, to be admissible, must be free from the taint of official inducement, proceeding either 'from the flattery of hope or the torture of fear.' *Austin* v. *State,* 14 Ark. 555."

Certainly the current of authority elsewhere is still in accord with the established rule stated in *Corley,* so we conclude that the judgment of the trial court must be reversed and this cause remanded for a new trial.

Reversed and remanded.