Larry Dewey TATUM *v.* STATE of Arkansas

CR 79-48                                      585 S.W. 2d 957

Opinion delivered September 17, 1979
(Division II)

*Jerry G. James,* for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of burglary in the Union Circuit Court on August 8, 1977, and sentenced to a term of 30 years as a habitual criminal. It was stipulated he had three prior convictions. An in-custody con-

fession by appellant was introduced over his objection, after a Denno hearing. Appellant did not testify at the trial.

It is argued on appeal that the confession was inadmissible because it was given 19 days after he had received the Miranda warning and upon the promise of a deputy sheriff that he would "do all he could to help him." Appellant further contends that the evidence presented at the trial was insufficient to sustain a conviction.

We hold that the evidence was sufficient to sustain the conviction but that the admission of the confession constituted prejudicial error for which we must reverse.

The burglary occurred on April 25, 1977, in Strong, Arkansas. Information developed by the investigation led the officers to look for a white-over-red Monte Carlo automobile on the front of which was a license-type plate with the name "Larry" on it. May 2, 1977, appellant was apprehended while driving a vehicle meeting this general description. He consented to an inspection of the vehicle which revealed dents and scratches on it as well as paint chips being found in the trunk. The paint chips appeared to match the paint of the vehicle and the paint on a safe which had been taken in the burglary. The safe had been recovered near the scene and it had patches of paint missing.

Appellant was given a Miranda warning on May 2, 1977, at the time he was charged with the burglary. He elected to make no statement at that time and was released on bond the same date. Nineteen days later he was told by a deputy sheriff to come back to the office for further questioning. It was during this visit to the sheriff's office, on May 21, 1977, that the sheriff's deputy told him he would do all he could for him. Appellant then gave a taped confession which was subsequently transcribed and presented to the jury during the trial. He had been afforded a full Denno hearing prior to introduction of the statement. He also told the officer about the other two codefendants who were subsequently arrested. Both pleaded guilty and were sentenced to terms in the Arkansas Department of Correction at the Cummins

Unit. The two accomplices testified against appellant at his trial.

Appellant's girlfriend, with whom he was living at the time of the bruglary, stated he left home in the Monte Carlo on the night of the burglary and it was parked at the house the next morning in a damaged condition. He explained to his girlfriend that he had won some money and locked it up in the trunk and vandals broke into it to steal the money. He had previously told the sheriff that he loaned the car to another dude on that night.

We do not overlook the fact that two alibi witnesses testified on behalf of the appellant and placed him at another location at the time of the burglary. However, on appeal, we view the evidence in the light most favorable to the appellee. *Core* v. *State,* 265 Ark. 409, 578 S.W. 2d 581 (1979).

In our opinion the evidence presented at the trial was sufficient to sustain the conviction. However, we must reverse because the in-custody confession was given under circumstances indicating that the officer would "do all he could to help him." The officer did not do anything to help him.

It is undisputed that the deputy sheriff stated "I'll help you any way that I can." We dealt with a very similar situation in the case of *Shelton* v. *State,* 251 Ark. 890, 475 S.W. 2d 538 (1972), and there held the statement by the officers that they would "help me all they could" constituted reversible error. We also considered a similar situation in *Freeman* v. *State,* 258 Ark. 617, 527 S.W. 2d 909 (1975). In *Freeman* the prosecuting attorney had simply stated that if the defendant made the confession "he could not make any promises but that if he had committed a crime it was probably one that would not result in more than 21 years incarceration." We have many times held there is a presumption that an in-custody confession is involuntary and the burden is upon the state to show the statement to have been voluntarily, freely and understandably made, without hope of reward or fear of punishment. *Mitchell* v. *Bishop,* 248 Ark. 427, 452 S.W. 2d 340 (1970); *Smith* v. *State,* 254 Ark. 538, 494 S.W. 2d 489 (1973); *Northern* v. *State,* 257 Ark. 549, 518 S.W. 2d 482 (1975).

Appellee urges that if we find the evidence is sufficient to sustain the conviction we should affirm the case even though we hold the statement to be involuntary. We disagree. In the case of *Payne* v. *State,* 226 Ark. 910, 295 S.W. 2d 312 (1956), we affirmed the conviction of the defendant who had been sentenced to death by electrocution. The matter was taken to the United States Supreme Court and is reported as *Payne* v. *State of Arkansas,* 356 U.S. 560 (1958). In the Supreme Court's opinion, Justice Whittaker stated:

> Respondent suggests that, apart from the confession, there was adequate evidence before the jury to sustain the verdict. But where, as here, a coerced confession constitutes a part of the evidence before the jury and a general verdict is returned, no one can say what credit and weight the jury gave to the confession . . . .

Although we have stated that the evidence was sufficient to sustain the conviction without the confession, we must nevertheless reverse because we do not know whether the jury would have found the appellant guilty on the evidence presented if the confession had not also been read to them. See also *Johnson* v. *State,* 248 Ark. 184, 450 S.W. 2d 564 (1970).

Reversed and remanded.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.