Larry Duke HARVEY *v.* STATE of Arkansas

CR 80-204                                    611 S.W. 2d 762

Supreme Court of Arkansas
Opinion delivered February 23, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Deborah Davies Cross*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. After a trial by jury, appellant, Larry Duke Harvey, was convicted of theft of property and was sentenced to 15 years imprisonment as a habitual offender. The only issue on appeal is whether the State met its burden of proving the voluntariness of appellant's confession.

At approximately 8:30 a.m. on February 14, 1980, Cabot Police Lieutenant Jay Verkler assisted appellant in obtaining two gallons of gas for an automobile stalled on the interstate. Appellant gave his name as Eugene Row and told the lieutenant that the vehicle belonged to his mother, a Mrs. Green. A license check disclosed that the car was owned by the prosecuting witness, Mr. Foushee of Newport who had first noticed the car missing that same morning at around 8:00 a.m. After a high speed chase, appellant was taken into custody.

As required by *Jackson* v. *Denno*, 378 U.S. 368 (1964) and Ark. Stat. Ann. §43-2105 (Repl. 1977), the trial court made a judicial determination of the voluntariness of appellant's confession prior to its introduction at trial. Newport police officers Gary Wilson and Bill Wingo testified at the *Denno* hearing, as did appellant.

The *Denno* hearing testimony of Wilson and Wingo reveals that, at the Cabot Police Department, at about 11:00 a.m. on February 14, 1980, they fully advised appellant of his rights as required by *Miranda* v. *Arizona*, 384 U.S. 436 (1966). They said that appellant stated he understood those rights. The officers further stated that on the way back to Newport, appellant, after first giving an exculpatory story — was talked to a little longer, and orally confessed to taking the vehicle; that after arriving in Newport, appellant was again advised of his rights and a recorded statement was taken at 3:28 p.m. in which he admitted stealing Jack Foushee's automobile. The officers maintained that no intimidation, force, threats, or favors of any kind were used to obtain this confession and that defendant manifested a complete understanding of his rights.

Appellant testified at the *Denno* hearing. He said he had been drinking a lot the night before and was still "kind of sickly" and drunk from the night before. He did not remember having his rights read to him at any time; when asked questions about the car, he told the officers he wanted a lawyer.

The State bears the burden of proving by a preponderance

of the evidence the voluntariness of an in-custodial confession, Ark. Stat. Ann. §43-2105 (Repl. 1977); and, any conflict in the testimony of different witnesses is for the trial court to resolve. *Wright* v. *State*, 267 Ark. 264, 590 S.W. 2d 15 (1979). In reviewing the voluntariness of a confession, we make an independent determination based upon the totality of the circumstances, with all doubts resolved in favor of individual rights and safeguards, and will not reverse the trial court's holding unless it is clearly erroneous. *Degler* v. *State*, 257 Ark. 388, 517 S.W. 2d 515 (1974); *Giles* v. *State*, 261 Ark. 413, 549 S.W. 2d 479 (1977).

Appellant argues that the cumulative effect of several factors would render his confession involuntary: failure to advise him of his *Miranda* rights; the length of his detention prior to the confession; "official inducement"; and appellant's "vulnerable state" at the time of the confession.

First, regarding the issue of whether appellant was advised of his *Miranda* rights, the Newport police officers testified that he was twice so advised within a period of four hours. They stated he fully understood these rights. Appellant gave conflicting testimony by stating that he did not at any time remember having his rights read to him.

Second, appellant argues that the length of his detention prior to the confession in some way negated its voluntariness. Appellant was arrested by the Cabot Police Department after a high speed chase at around 9:15 a.m. on February 14, 1980. Apparently, no policemen talked to appellant until the Newport officers arrived at around 11:00 a.m. Although he was in police custody for six hours prior to his final confession, appellant was in custody of the Newport officers, who took the confession, for only four hours. There is no suggestion in the testimony that the length of time appellant was in custody influenced his willingness to make a statement. This issue is apparently being raised for the first time on appeal.

Third, appellant argues that an "inducement" offered by Captain Wilson made his statement involuntary. Captain Wilson testified that he made no promises to appellant,

although he did say that it would probably help the appellant if he went ahead and talked to them and told the truth. This amounted to "merely an expression of an opinion, and ... was not coupled with inneundo or subtleties calculated to deceive the prisoner." *Penton* v. *State*, 194 Ark. 503, 109 S.W. 2d 131 (1937); *Wright* v. *State*, 267 Ark. 264, 590 S.W. 2d 15 (1979). Therefore, the confession cannot be said to have resulted from a promise of benefits by the officer which would render it involuntary and inadmissible.

Finally, appellant argues that his "vulnerable state" combined with the other factors rendered his confession involuntary. Appellant's alleged "vulnerable state" consisted of a history of alcohol problems, some evidence of alcohol consumption, and a lack of a formal education. He filed in the record a psychologist's report indicating that he and his family had problems with alcohol and that, although appellant was of average intelligence, he was culturally deprived and had only a ninth grade education. Other than appellant's testimony, there was no evidence that he was intoxicated on the morning of the crime. The Cabot police officer who assisted appellant in getting gas showed no hesitancy in allowing appellant to continue driving on the highway. The two Newport police officers testified appellant was not drunk but one smelled alcohol on his breath.

The totality of the circumstances, as evidenced by the record, does not support appellant's contention that the State failed to prove the voluntariness of his confession. Although there was conflicting testimony on several points by the officers and the appellant, we cannot say the trial judge erred in his finding that appellant's statement was voluntarily given. Our determination of the voluntariness of the confession requires an affirmance of the trial court's holding.

Affirmed.