Danna Ray DAVIS, a/k/a Danny Ray DAVIS
*v.* STATE of Arkansas

CR 81-108                                    630 S.W. 2d 1

Supreme Court of Arkansas
Opinion delivered March 8, 1982
[Rehearing denied April 12, 1982.]

265

*John M. Robinson, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

Robert H. Dudley, Justice. Appellant Danny Ray Davis was convicted of robbing the First National Bank of Fort Smith. The jury found that he was a habitual offender, having been convicted of eight previous felonies, and recommended a thirty-five year prison sentence and a $10,000 fine. We affirm.

The pertinent facts are that appellant started drinking heavily on December 3, 1980. During the morning and early afternoon of the 4th he continued to drink in several Fort Smith bars. He then went to a drive-in window of the bank and handed a note to the teller through a slide-out drawer. The note demanded either $500 or $5,000 and the teller gave him seven or eight ten-dollar bills and he departed. The teller and a parking lot attendant described appellant. In addition, a jacket matching the description of one which appellant had been wearing in the bars was found in the main bank building. Early the next morning Noel Harvey, a detective who knew appellant and his family, went to appellant's apartment. Appellant invited him in, offered him a cup of coffee and began to answer questions. Appellant admits that he was given a valid Miranda warning at home as well as after he was taken to the police station. At first, appellant said that if he robbed the bank he did not remember it but later he gave a confession which was admitted into evidence over his objection. He now makes a two-fold argument that the trial court erred in failing to suppress the confession because, one, he was arrested at his residence without a warrant in violation of the doctrine announced in *Payton* v. *New York,* 445 U.S. 573 (1980) and, two, the confession was signed pursuant to a promise of leniency and assurance of help in making bail.

*Payton,* supra, holds that the Fourth Amendment prohibits the police from making a warrantless and non-consensual entry into a suspect's home in order to make a routine felony arrest. Here, there was no forcible entry into appellant's home. Instead, there was a consensual entry of the type that is not barred by *Payton. State* v. *Filiatreau,* 274 Ark. 430, 625 S.W. 2d 494 (1981).

The second prong of appellant's suppression argument

is one which, over the years, we have had to decide on a case-by-case basis by looking at the totality of the circumstances. The applicable law is simple. If a police official makes a false promise which misleads a prisoner, and the prisoner gives a confession because of that false promise, then the confession has not been voluntarily, knowingly and intelligently made. In determining whether there has been a misleading promise of reward we look at the totality of the circumstances. The totality is subdivided into two main components, first, the statement of the officer and second, the vulnerability of the defendant. Because these two factors create such a multitude of variable facts, it has been impossible for us to draw bright lines of substantive distinction.

The procedural rules are clear. The State bears the burden of proving by a preponderance of the evidence the voluntariness of an in-custodial confession, Ark. Stat. Ann. § 43-2105 (Repl. 1977). Any conflict in the testimony of different witnesses is for the trial court to resolve. *Harvey* v. *State*, 272 Ark. 19, 611 S.W. 2d 762 (1981). While we do not reverse the trial court's finding unless it is clearly erroneous, we do make an independent determination based on the totality of circumstances, with all doubts resolved in favor of individual rights and safeguards, to determine whether the holding of the trial court was erroneous. *Giles* v. *State*, 261 Ark. 413, 549 S.W. 2d 479 (1977). A statement induced by fear or hope of reward is not voluntary. *Greenwood* v. *State*, 107 Ark. 568, 156 S.W. 427 (1913).

In determining the totality of the circumstances we first look at the statement of the officer. Some statements are so clearly promises of rewards that we do not find it necessary to look past the statement to decide the case. Examples are the case where a deputy prosecuting attorney told the prisoner who faced a possible death sentence that a confession "would not result in more than 21 years' incarceration." The prisoner confessed and received a life sentence. *Freeman* v. *State*, 258 Ark. 617, 527 S.W. 2d 909 (1975). Similarly, we reversed a conviction and the maximum sentence based on an inculpatory statement when the prisoner and his attorney were led to believe there was a mutual understanding that in

exchange for the giving of information the officials would, at the least, recommend leniency and perhaps even dismiss the case. *Teas* v. *State,* 266 Ark. 572, 587 S.W. 2d 28 (1979). In other cases the officer's statement, standing alone, does not provide sufficient information for us to decide the case. In the case at bar we do not have a clear promise of reward. Detective Harvey testified: "I told him that I didn't think it would be hard on him if he did make a statement. I told him that considering his record there might be a possibility [of probation]. . . I didn't guarantee anything. I made that clear, there was no guarantee . . . " (At this time Harvey did not know about appellant's prior convictions.) . . . "I told him I would attempt to help him get his bail set, which I did." This type of statement by the officer, standing alone, is not determinative. For example, "it would probably help if you go ahead and tell the truth" was approved. *Harvey* v. *State,* supra. "Things would go easier if you told the truth" was allowed to stand. *Wright* v. *State,* 267 Ark. 264, 590 S.W. 2d 15 (1979). On the other hand a confession was held improper when the officer said, "I'll help you any way that I can." *Tatum* v. *State,* 266 Ark. 506, 585 S.W. 2d 957 (1979), and we reversed a conviction when a deputy prosecutor said, "I'll help all that I can." *Shelton* v. *State,* 251 Ark. 890, 475 S.W. 2d 538 (1972). The real difference in these cases does not lie in the statements for they, alone, are neither simple admonitions to tell the truth nor are they clear promises of reward. They can be either. The true distinction lies in the second group of factors considered in the totality of circumstances — the vulnerability of the defendant. In the first two cases cited, *Harvey* v. *State,* supra, and *Wright* v. *State,* supra, where the statements were not suppressed, the record demonstrates that the prisoner was not misled. In *Harvey,* the prisoner, a habitual offender, testified he understood his rights. In *Wright,* the 30-year-old prisoner was a habitual criminal who had been arrested some twenty times and incarcerated six or seven times and was obviously educated in criminal procedure. Under these circumstances we labeled the officer's statement an admonition to tell the truth and not a promise of reward.

On the other hand, similar statements have been held to be promises of reward when the prisoner is vulnerable to

some innuendo. "I'll help you all I can" was the deputy prosecutor's statement but the fact of vulnerability which led us to suppress the confession was that the prisoner requested an attorney and he was furnished the deputy prosecutor who took the statement. *Shelton* v. *State*, supra. The same "I'll help you if I can" coupled with prisoner vulnerability caused us to suppress the confession in *Tatum* v. *State*, supra, where the prisoner was the first of three persons arrested. While he was a habitual offender and probably knew his rights, the police did not know the names of his accomplices. In reliance on "I'll help you if I can" he gave their names and a statement. The accomplices were then allowed to plead guilty on negotiated pleas and the accomplices and the statement were used against him for conviction. *Tatum* v. *State*, supra.

In the case before us the appellant was 40 years of age with a ninth grade education, was not questioned at length, admits that he was read his rights and, most importantly, stated he understood them. He was no stranger to the criminal justice system, having been previously convicted of eight felonies and having served time in Oklahoma. While appearing to be "hung over," he was not physically ill. The State's evidence was that he was lucid, understood his rights and did not rely on any promise. It was for the trial court to weigh the evidence and resolve the credibility of the witnesses. *Wright* v. *State*, supra. We hold that the trial court's ruling that the confession was voluntarily and knowingly given was not clearly against the preponderance of the evidence.

Appellant next contends that the court erred in allowing into evidence the testimony of Earl Collins, a latent fingerprint specialist with the Federal Bureau of Investigation, because there was a missing link in the chain of custody of the fingerprint card. Sergeant Arthur Langston of Fort Smith testified that he signed the fingerprint card, packaged it and mailed it, by certified mail, to the Federal Bureau of Investigation, Washington, D.C., attention Fraudulent Document Examiner and Latent Fingerprint Section. There some unknown person opened the evidence package and delivered the fingerprint card to Collins for

examination. The chain is complete from that time. Obviously there is one missing link in the chain of evidence, that is, the person who opened the package at the Federal Bureau of Investigation offices in Washington, D.C. There is little likelihood there has been any tampering with the exhibit and the trial court did not abuse its discretion in admitting the evidence. In establishing a chain of custody prior to the introduction of evidence, it is not necessary to eliminate every conceivable possibility that the evidence has been tampered with; it is only necessary that the trial judge be satisfied that the evidence is genuine and, with reasonable probability, it has not been tampered with. *Baughman* v. *State,* 265 Ark. 869, 582 S.W. 2d 4 (1979). See also *Gardner* v. *State,* 263 Ark. 739, 569 S.W. 2d 74 (1978).

After the jury returned a verdict of guilty the trial proceeded to the sentencing phase and the court permitted the State to introduce into evidence photocopies of the judgment and sentence of appellant's prior convictions in the State of Oklahoma. These records were part of the "pen packet" from the Oklahoma Department of Correction and were certified by the proper Oklahoma authority. Appellant contends the court committed error in admitting the photocopies of the prior convictions, because, although they recite that he had an attorney, they do not contain the name of his attorney. This argument is without merit and was settled in *Clem & Gilbert* v. *State,* 254 Ark. 580, 495 S.W. 2d 517 (1973). The judgments reflect the court and its officers were present in open court along with the defendant and his attorney, that the defendant pleaded guilty and was sentenced. We are satisfied from the exhibits that appellant was represented by an attorney at each of his convictions. In addition, in his testimony, appellant referred to his attorney.

Finally, the appellant contends that the judgment is excessive. The sentence is within the range of sentences for a defendant convicted of a class B felony who has four or more previous convictions. Ark. Stat. Ann. §§ 41-1001 (2) (b) and 41-1101 (1) (a) (Repl. 1977).

Affirmed.

HICKMAN, PURTLE and HAYS, JJ., dissent.

STEELE HAYS, Justice, dissenting. I respectfully disagree with the view that this confession was not induced in the hope of gaining leniency. Detective Harvey's testimony provides all the support necessary: "Knowing Danny the way I did, I told him that I didn't think it would be hard on him if he did make a statement. Yes, sir, I did make that *promise* to him. I told him that considering his record there might be a possibility [of probation]." (My emphasis.) While Detective Harvey's testimony seems forthright enough, we can be sure he offered no *less* than he admits — which is surely enough to render this confession as coerced, not by intimidation but by enticement. Either way, the result is the same. See *Tatum v. State,* 266 Ark. 506, 585 S.W. 2d 957 (1979).

The corollary illustrates the wisdom of the rule: the officer's promised leniency, and appellant's misplaced hopes of leniency, were answered with a thirty-five year prison sentence for what can be aptly characterized as a strong-arm extortion of $80.00 by a drunken appellant.

HICKMAN and PURTLE, JJ., join.