## Theodis LOCKETT *v.* STATE of Arkansas

CR 81-114                                    629 S.W. 2d 302

Supreme Court of Arkansas
Opinion delivered March 22, 1982

*Thurman Ragar, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of aggravated robbery and theft and assessed his punishment at 50 years and 19 years imprisonment respectively. Appellant's sole argument for reversal through court appointed counsel is that his written confession was involuntary and, therefore, inadmissible inasmuch as it was the result of threats and violence. We disagree and affirm.

At the *Denno* hearing the state adduced evidence that appellant was arrested about 10:40 p.m. on January 23, 1980, for the alleged offenses which had occurred two days earlier.

He was taken to the police station and advised of his *Miranda* rights within 20 minutes after his arrest. *Miranda* v. *Arizona,* 384 U.S. 436 (1966). He then signed a standard "waiver of rights" form but refused to make a statement. The next evening the appellant requested to speak with the detectives. He voluntarily gave an oral statement as to his complicity and thereafter signed another or duplicate waiver of rights form at 11:15 p.m. He then accompanied the officers to the scene of the crime, which he reenacted. He directed them to the location of a considerable amount of money, the victim's pistol, and a crowbar with which he struck the victim. About 2 a.m., following the reenactment of the crime and recovery of these items, he signed another waiver of rights form and narrated in his own handwriting his participation in the robbery and theft.

The appellant testified that he was aware of his rights and had signed a waiver of rights form and the written confession. He maintained that his written confession was the result of the officers beating him and threatening to shoot him and then justifying it by saying he was trying to escape. He denied being involved in the robbery and theft. The officers denied that the appellant was ever beaten, mistreated or threatened with force or violence. Further, no promises were made to appellant, and his confession was freely and voluntarily given.

The burden is on the state to prove by a clear preponderance of the evidence that a custodial statement was voluntarily given. *Harvey* v. *State,* 272 Ark. 19, 611 S.W. 2d 762 (1981). On appeal we are required to make an independent determination, based on a review of the totality of the circumstances, and the trial court's finding on the issue of voluntariness will not be set aside unless it is clearly against the preponderance of the evidence. *Hunes* v. *State,* 274 Ark. 268, 623 S.W. 2d 835 (1981); and *Degler* v. *State,* 257 Ark. 388, 517 S.W. 2d 515 (1974).

Here, the appellant, 19 years old, is no stranger to the criminal justice system. He was on probation for a similar felony when the instant armed robbery occurred. Appellant's testimony and that of the police officers are in conflict.

It is for the trial judge to weigh the evidence and resolve the credibility of the witnesses. *Hunes* v. *State, supra;* and *Harvey* v. *State, supra.* Here, we hold that the trial court's ruling that the confession was freely and voluntarily given is not clearly against the preponderance of the evidence.

Affirmed.