Gary Wayne FULLER *v.* STATE of Arkansas

CR 82-140                                    646 S.W.2d 700

Supreme Court of Arkansas
Opinion delivered February 28, 1983

*Richard A. Grant* and *Wayne A. Gruber,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Gary Wayne Fuller, was convicted by a jury of first degree murder and sentenced to life imprisonment. At trial, a statement given by appellant to the Pulaski County Sheriff's Office was introduced into evidence. Appellant's primary contention on appeal is that the trial court erred in admitting the statement into evidence because it was not voluntarily given. We affirm.

Testimony at trial revealed the facts leading up to the murder. Appellant had dated a woman named Theda Balfour Miller about four years and they had had a child. At the time of the murder, however, Theda and the child were living with Lawrence Goodson, the deceased, at Theda's mother's house in Southwest Little Rock. On September 22, 1980, appellant telephoned Theda, wanting to take the child to the fair. It is unclear whether appellant ever spoke with Theda, however, it is undisputed that he and the deceased got into a heated argument over the phone. Later that evening appellant and some of his friends drove over to Theda's house. Appellant got out of the car, taking one of his friend's shotguns with him. He crept up to the bedroom window, saw the deceased, and fired several shots. Appellant's friends testified that appellant came back to the car and told them that he had shot Goodson in the head. Goodson's brother found Goodson dead in the bedroom. The above evidence is clearly sufficient to sustain appellant's conviction.

On September 22, 1980, appellant was questioned concerning the murder but was released. Then on July 28, 1981, appellant was served with a warrant for murder of the deceased while being held in jail on an unrelated charge. He was taken to a CID unit for questioning, where he was advised of his rights. He subsequently gave a statement, which was written out by an officer but signed by appellant.

Appellant argues that this statement was involuntary and should have been suppressed. This contention is without merit. The applicable law is well settled. If the individual is in custody when the statement is given the burden is on the state to prove that it was voluntarily given. *Harvey* v. *State*, 272 Ark. 19, 611 S.W.2d 762 (1981). This determination is made based upon the totality of the circumstances at the time the statement was given. *Coble* v. *State*, 274 Ark. 134, 624 S.W.2d 421 (1981). On appeal we review the evidence and make an independent determination as to the issue of voluntariness. *Hunes* v. *State*, 274 Ark. 268, 623 S.W.2d 835 (1981).

Appellant alleges that his statement was involuntary because of the time of the statement he had been drinking and had taken "Blues and Tees." However, the officer taking the statement testified that appellant was very coherent and did not have problems communicating. Appellant claims that the officers told him if he made a statement he would not be harmed, and that he asked to telephone an attorney but was not allowed to do so. These allegations were also disputed by the officer, who testified that he did not remember appellant requesting to use the telephone and that no threats or force was used to get appellant to make the statement. In fact, the appellant himself testified that the officers did not threaten him, and that he "just went on and signed the papers to get it over with." Appellant alleges he only had an eighth grade education; however, the officers testified that appellant stated he had an eleventh grade education, and a notation "11th grade" appears on the rights form and appellant's statement.

When the testimony is conflicting as to voluntariness, it is for the trial court to weigh the evidence and resolve the credibility of the witnesses. *Lockett* v. *State*, 275 Ark. 338, 629 S.W.2d 302 (1982). Here, the trial court resolved the credibility issue in favor of the state, and we cannot say its finding was clearly against the preponderance of the evidence.

Appellant also argues that the trial court erred in admitting two photographs of the deceased. One photograph showed the deceased as he was found and the other

showed the wound the victim had received. We have consistently held that . the question of admissibility of photographs lies largely within the discretion of the trial court, and its ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. Here, the first photograph corroborated the testimony of the witness who found the body, and the second photograph aided the Chief Criminologist for the State Crime Lab in his testimony. The fact that there was a stipulation as to the cause of death did not make the second photograph inadmissible. *Rodgers* v. *State,* 261 Ark. 293, 547 S.W.2d 419 (1977). Furthermore, both photographs were.relevant to the nature and extent of the wounds. We cannot say that the trial court abused its discretion in admitting the two photographs.

We have examined all objections pursuant to Rule 11 (f), Rules of the Supreme Court, Ark. Stat. Ann., Vol. 3A (Repl. 1977) and find no error. *See Earl* v. *State,* 272 Ark. 5, 611 S.W.2d 98 (1981).

Affirmed.