Louis Charles JACKSON and Matthew AUSTIN
*v.* STATE of Arkansas

CR 84-167

683 S.W.2d 606

Supreme Court of Arkansas
Opinion delivered February 4, 1985

*John W. Anchor,* for appellant Jackson.

*William R. Simpson, Jr.,* Public Defender, by: *Donald Campbell,* Deputy Public Defender, for appellant Austin.

*Steve Clark,* Att'y Gen., by: *Jack Gillian,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Two separate appeals are presented in this case. One concerns a defendant's right to testify in his own behalf and the other questions the admissibility of a confession.

Both defendants were convicted of rape stemming from the same incident and each received a sentence of 40 years imprisonment. This appeal from that verdict is before this court under Sup. Ct. R. 29(1)(b). Because unrelated issues are raised by the two appeals, we will discuss them separately.

Louis Charles Jackson, one of the appellants, argues that the trial court violated his constitutional rights by prejudicially limiting and infringing upon his right to testify in his own defense. The victim testified that an ice pick was held on her by appellant Austin while appellant Jackson raped her. Jackson's defense was that the victim is a prostitute who consented to the sexual act.

The relevant testimony to his appeal is as follows:

QUESTION:
Now I want you to tell these folks in your own words what happened out there the night you were at Mary — That apartment . . .

ANSWER:
Yes, we went there once well, what she is trying to say is a accident. We was coming from Highland Court late one Friday and we know Mary her sister, you know, the young lady's sister. All right. And we stopped over to her crib, you know, to see whether her sister at home. . . .We was talking you know, all of *us . . . And the young lady okay, as far as you know her benefit that she didn't have no job or nothing like this here and we all got to talking, you know, about how she keeping up her bills and everything to her crib, you know. And her mens, you know, all her mens, you know, give her money.* (Objection)

. . .

QUESTION:
Louis, just tell us — Don't tell us about anything that was said about anybody else. Just what you, what happened to you that night out there. All right?

ANSWER:

Okay. I am trying.

QUESTION:

If I stop you you shut up you hear?

ANSWER:

Yeah. Well, okay. Well skip that. Well anyway, you know, we, you know, got to talking like I said . . . . So Matthew he said he weren't go — *He wanted to talk to the lady about, you know, making some money.* Well, in other words I hate to stop but you know what I am saying, you know, *he was going to talk to her about some money and everything.* And he went in the bedroom and *he got to talking to the lady about some money,* you know, and she said, well, you know, yeah, because *she needed some money and everything . . . .* And so well, he didn't mess with the lady. He said well, why don't you just go ahead on and give my stepson [Jackson] some, you know, just like that . . . . I had sex with the girl, you know, and everything and we got ready to leave and the young lady, you know, she come out the house and *she started raising all kind of sand about twenty-five dollars.* And the next thing we know we were picked up, you know, for a rape charge, you know. That's about all the way it was, you know, so in other words I can't do nothing but just tell it like it was, you know, as far *as all this here, you know, stuff about a ice pick the only way I only knowed about that was when I was in jail 'cause her and her sister and another dude like she said they really had took his money and stuff from him a week before this here happened.*

COURT:

Approach.

MR. ACHOR:

Judge, I don't think that is covered by the Statute.

COURT:

That's not what it is covered by.

PROSECUTOR:
Your Honor, first of all the same objection I have made before.

COURT:
Yes.

PROSECUTOR:
This is absolutely inflammatory, immaterial, irrelevant and besides all that can only be founded on hearsay if it were true.

. . .

COURT:
Well, I am going to sustain the objection.

QUESTION:
Did you think she willing to have sex with you;

ANSWER:
*Yes, she was willing to have sex. Only thing I can say is she was just trying to make twenty-five dollars and we didn't give her twenty-five dollars and she just got mad,* you know, just as simple as that.

Appellant, Jackson, bases his appeal on the fact that a criminal defendant has a constitutionally protected right to present a defense and to testify in his own defense. The appellant argues that this right supersedes evidentiary rules, such as hearsay, citing two United States Supreme Court cases, *Chambers* v. *Mississippi,* 410 U.S. 284 (1973) and *Davis* v. *Alaska* 415 U.S. 308 (1974).

For the purposes of this appeal, appellant Jackson is not challenging the first objected to testimony, rather he argues that the testimony about the ice pick was admissible. In support of this argument, he claims that the statement was not hearsay and that its exclusion violated his superior constitutional right to present his defense. These arguments are without merit.

From the record we cannot determine the exact grounds for the objection, nor the grounds for the exclusion of the evidence by the trial court. We will uphold the exclusion, however, even if it was for the wrong reason, if the ruling was correct. *Chisum* v. *State*, 273 Ark. 1, 616 S.W.2d 728 (1981).

Arkansas's rape shield law, Ark. Stat. Ann. § 41-1810.1 (Repl. 1977) provides in pertinent part:

> In any criminal prosecution under Arkansas Statutes Annotated 41-1803 through 41-1810 . . . opinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.

Appellant Jackson maintains that the ice pick statement represented the victim's admission that she had participated in what amounted to a robbery of another man. he abstracted the earlier testimony that "her mens give her money" because it was "essential to an understanding of the next exchange." Presumably then, the statement about the robbery was also introduced to somehow demonstrate that the victim was a prostitute and therefore consented to the sexual act. If, in fact, this statement was to be used to prove consent, § 41-1810.1 clearly prohibits the use of such testimony for that purpose. If the statement was offered to prove robbery of another person by the victim, it was inadmissible because it was not relevant.

The statutes following § 41-1810.1 set out a procedure whereby a defendant *can* introduce evidence of a victim's prior sexual conduct. The evidence is admissible if its relevancy is proved through the procedure set out in the statutes. § 41-1810.2. Under the rules provided, a written motion must be filed by the defendant stating the relevant evidence being offered and the purpose for which the

evidence is believed relevant. § 41-1810.2(a). A hearing is held *in camera.* § 41-1810.2(b). The court then determines if the offered proof is relevant to the fact in issue, and if its probative value outweighs its inflammatory or prejudicial nature. *Id.* The defendant or his attorney is subject to sanctions for failure to file such a motion if a willful attempt is made to make any reference to the victim's prior sexual conduct in the presence of the jury. § 41-1810.4.

Here, the record reflects that no such motion was filed. not only was the proper procedure not followed, there was no proffer of the type of evidence the appellant was trying to present. The failure to proffer evidence so this court can determine if prejudice results from its exclusion precludes review of the evidence on appeal. *Duncan* v. *State,* 263 Ark. 242, 565 S.W.2d 1 (1978); *Sterling* v. *State,* 267 Ark. 208, 590 S.W.2d 254 (1979).

From the statements made during the trial, the objection was apparently sustained by the trial court as hearsay. The appellant argues that it is not hearsay since it falls within an exception allowing admissions by party opponents if "[t]he statement is offered against a party and is (i) his own statement, in either his individual or a representative capacity." Unif. R. Evid. 801(d)(2)(i). Here, the statement made by appellant Jackson about the robbery was so unintelligible that, without a further proffer of proof, we cannot determine on review if the statement was in fact that of a party opponent.

The appellant Jackson's argument that he has a superior constitutional right to present his defense is also without merit. *Davis* and *Chambers, supra,* are inapplicable to this situation for a number of reasons. First, the defendants in the two Supreme Court cases were precluded by the trial court's ruling from pursuing a defense. Here, appellant Jackson offered quite a bit of testimony to the effect that the victim was willing to take twenty-five dollars for sex and that she did not complain of rape until the two appellants failed to pay her. Secondly, in both *Davis* and *Chambers,* the defendants attempted, through pretrial proceedings, to introduce the evidence. As we have already pointed out,

appellant Jackson failed to follow the precedures set out in § 41-1810.1 *et seq.*

There was also no guarantee of the reliability of the appellant Jackson's testimony as was present in *Chambers.* Since we cannot determine from the record whom the appellant Jackson was quoting, we cannot say the statement was trustworthy.

The trial court correctly excluded the testimony.

The second appellant, Matthew Austin, challenges the voluntariness of his confession. He argues that his confession was improperly admitted because there was insufficient evidence that he knowingly and voluntarily waived his fifth amendment rights.

On appeal, this court makes an independent determination of the voluntariness of a confession, but we do not set aside the trial judge's finding unless it is clearly against the preponderance of the evidence. *Chisum* v. *State,* 273 Ark. 1, 616 S.W.2d 728 (1981). The burden is on the state to show that the statement was made voluntarily, freely, and understandably, without hope of reward or fear of punishment. *Tatum* v. *State,* 266 Ark. 506, 585 S.W.2d 957 (1979). Conflicts in the testimony as to voluntariness are for the trial court to resolve. *Fuller* v. *State,* 278 Ark. 450, 646 S.W.2d 700 (1983).

Some of the factors considered in determining the question of voluntariness include youth or age of the accused, lack of education, low intelligence, lack of advice as to constitutional rights, length of detention, repeated and prolonged questioning, and the use of physical punishment. *Perkins* v. *State,* 258 Ark. 201, 523 S.W.2d 191 (1975).

Applying these factors to the appellant, the facts reveal that the appellant is 35; he has had 1½ years of college education; and he was advised of his constitutional rights at 6:15 p.m. and at 7:30 p.m. he signed a confession.

As to the length of detention, the appellant testified that he was arrested sometime after noon. The detective who

interrogated him testified the appellant was brought to the police station at 6:00 p.m. The credibility of the witnesses was for the trial judge to determine, but a seven hour detention, without other factors, is not so long as to raise a question about the voluntariness of the confession. There was no evidence of repeated and prolonged questioning.

The detectives who took the appellant's statement testified that the appellant was left alone in an interrogation room for one hour and 15 minutes while they questioned the other defendant, Louis Jackson. No questioning took place during that time period.

The appellant does argue that physical punishment was used. He stated during the trial that he was hit over the head with a telephone book by a person he did not see while he was in the interrogation room, and thereby forced to sign the statement confessing to the crime. The detectives who interrogated the appellant testified that they never saw anyone hit the appellant and that no one else was in the room. This conflict was for the trial judge to resolve since he was in a better position to determine the credibility of the witnesses.

The other facts alleged by the appellant were that he had smoked two marijuana cigarettes earlier in the day and was "high" when he made the confession. The officers testified however that he did not appear to be high or intoxicated. We have held that where, as here, the defendant's testimony and that of the police are in conflict it is for the trial judge to resolve. *Lockett* v. *State,* 275 Ark. 338, 629 S.W.2d 302 (1982).

The appellant also argues that even though the detectives advised him of his rights one hour and 15 minutes before he confessed, he is unable to retain information for any length of time and may therefore have forgotten what his constitutional rights were. This argument is without merit.

The appellant's final contention is that the State failed to call the arresting officers as witnesses in violation of the

requirement that the state produce all witnesses involved to prove the voluntariness of the statement. The acts complained of by the appellant took place during interrogation and not during arrest. The fact that the arresting officers did not testify has no bearing on the issues raised in this appeal.

The confession was properly admitted.

Affirmed.