Douglas Bernard WILLIAMS *v.* STATE of Arkansas

CR 91-269                                      825 S.W.2d 826

Supreme Court of Arkansas
Opinion delivered March 16, 1992

*Edward T. Oglesby*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Douglas Bernard Williams appeals from a judgment of conviction of robbery. As an habitual offender he received a sentence of forty years in the Department of Correction. The only point of error is that the trial court should have granted a motion for a directed verdict at the close of the state's case because the victim, Hampton Jones, did not specifically identify the appellant as the man who robbed him. Finding

no merit in the argument, we affirm the judgment.

Hampton Jones testified that he and the defendant were shooting craps in the back of the Dixie Dog restaurant in Camden. Jones said he had won all of the money and was sitting down when the defendant struck him three times in the face and took the money, estimated to be $300. Jones called the police. They arrived moments later, entering the restaurant as Williams was leaving. One of the officers knew Williams and spoke to him as they passed.

Jones pointed Williams out as the man who had robbed him as Williams entered the Chat and Chew, next to the Dixie Dog. The officers followed and Williams left the Chat and Chew by the back door and began to run when the officers ordered him to halt. Williams was caught and had $149 in a wad of bills.

Citing only *Hamm* v. *State*, 296 Ark. 385, 757 S.W.2d 932 (1988), appellant argues a directed verdict should have been ordered because he was never specifically identified by the victim. But identification was not an issue in *Hamm*. The opinion simply notes, in rejecting an argument of harmless error, that proof of guilt was not overwhelming because, among other factors, the victim had testified the robber was not in the courtroom. That observation, lifted out of context, has no relevance here, as Hamm drove the getaway car while his accomplice Ray Graves, perpetrated the robbery and Graves was the only person seen by the victim.

■ Clearly it is essential to every case that the defendant be shown as the one who committed the crime. However that connection can be inferred from all the facts and circumstances of the case. *Becker* v. *State*, 298 Ark. 438, 768 S.W.2d 527 (1989); *Womack* v. *State*, 301 Ark. 193, 783 S.W.2d 33 (1990). We answered a similar argument in *Becker*:

> Here, there were no co-defendants; the defendant was tried alone. He was specifically identified as "Mr. Becker" and "the defendant" throughout the trial. The witnesses were eyewitnesses to the robbery, and the fact that none of them pointed out that the wrong man had been brought to trial was eloquent and sufficient proof of identity.

*Id* at 441, 768 S.W.2d at 529.

■ The appellant alone was on trial. He was repeatedly referred to as "the defendant" or as Bernard Williams or Mr. Williams. The victim was asked at the outset if he had ever seen "this defendant" before, answering "I have." The victim, who knew the appellant by name, then proceeded to describe the incident at the Dixie Dog, as well as the events that ensued, ending in appellant's arrest. The victim also testified that sometime after appellant was released from jail, appellant and his mother came to see him to see if he might be willing to drop the charges. In short, the record contains innumerable and unchallenged references to the appellant as the offender so that any doubt as to appellant's identification is eliminated.

Affirmed.