**UNITED STATES of America,
Appellee,**

v.

**Jose HERNANDEZ, Defendant-Appellant.**

**No. 365, Docket 28125.**

United States Court of Appeals
Second Circuit.

Argued May 3, 1966.

Decided May 25, 1966.

Bernard P. Becker, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

John H. Adams, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, and Gerald H. Abrams, Asst.

U. S. Atty., on the brief), for appellee.

Before LUMBARD, Chief Judge, and MOORE and FEINBERG, Circuit Judges.

## PER CURIAM.

■ The sole question on this appeal from a narcotics conviction is whether the charge given by the trial court was plainly erroneous, so as to require the reversal of appellant's conviction even though the error asserted was not brought to the attention of the trial court. There is no question as to the sufficiency of the evidence against the appellant, which consisted, in part, of the uncontradicted testimony of an agent of the Federal Bureau of Narcotics that he had bought heroin from the appellant on two occasions.

After instructing the jury that the Government "must prove the elements of the crime beyond a reasonable doubt, including possession by the defendant," the court went on to say:

"What I just read does not change the other law, that if you are satisfied beyond a reasonable doubt that the defendant had possession, then he is presumed to be guilty * * *."

■ Standing by itself, this phrase might have been grounds for reversal, since 21 U.S.C. § 174 permits the inference of guilt from the fact of possession, but does not require the inference to be drawn. United States v. Evans, 312 F.2d 556, 557 (2d Cir. 1963); see United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965).

■■ However, a single phrase cannot be taken out of context to justify reversal. The sentence just quoted concluded " * * * or you may find him guilty on that presumption unless he comes forward and makes an explanation." Moreover, the court had earlier read that portion of 21 U.S.C. § 174 which provides that "possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the

jury," and had gone on to explain the statute as follows:

"Thus, under the law, the possession of the narcotics gives rise to an inference that the narcotics were imported contrary to law and a further inference that the person in possession had knowledge that such narcotics had been so illegally imported. This means that you would be authorized to convict the defendant if he failed to explain his possession of the narcotics."

Viewed as a whole, the charge told the jury, not that guilt necessarily flowed from a finding of possession, but that guilt could be inferred from a finding of possession. Counsel for the appellant took no exception to any part of the charge, and we conclude that the charge was not plainly erroneous.

Affirmed.