**UNITED STATES of America,**
**Appellee,**

v.

**Al HARRIS, Appellant.**

No. 36, Docket 30600.

United States Court of Appeals
Second Circuit.

Argued Oct. 24, 1966.

Decided Oct. 25, 1966.

Certiorari Denied Jan. 9, 1967.
See 87 S.Ct. 718.

Andrew J. Maloney, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern District of New York and Otto G. Obermaier, Asst. U. S. Atty., New York City, on the brief), for appellee.

Jacob Kossman, Philadelphia, Pa., for appellant.

Before LUMBARD, Chief Judge, and MOORE and KAUFMAN, Circuit Judges.

PER CURIAM.

Once more Al Harris has been found guilty by the United States District Court for the Southern District of New York for refusing to answer the questions propounded on July 31, 1963 before a grand jury and again on August 1, 1963 before Judge McLean, following a grant of immunity pursuant to the Federal Communications Act, 47 U.S.C. § 409(*l*).

Harris was convicted of contempt by Judge McLean pursuant to Rule 42(a), Federal Rules of Criminal Procedure, and this court affirmed his conviction, 334 F.2d 460 (2 Cir. 1964). The Supreme Court reversed, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965), and on remand Harris was tried before Judge Murphy, without a jury, in accordance with Rule 42(b), Federal Rules of Criminal Procedure, and again found guilty. On May 16, 1966, he was sentenced to a year in jail.

Subsequent to Judge Murphy's sentencing of Harris, the Supreme Court in Cheff v. Schnackenberg, 384 U.S. 373, 380, 86 S.Ct. 1523, 1526, 16 L.Ed.2d 629 (1966), announced the rule that "sentences exceeding six months for criminal contempt may not be imposed by federal courts absent a jury trial or waiver thereof."

Accordingly, as all parties concede, the district court exceeded its power in sentencing Harris to more than six months, as the finding of guilt was not made by a jury.

As we find no other error in the proceedings and no merit in any other contentions raised on this appeal, we reduce the sentence imposed by the district court from one year to six months, in the exercise of the "peculiar power of the federal courts to revise sentences in contempt cases," Cheff v. Schnackenberg, supra at 380, 86 S.Ct. at 1526; see Green v. United States, 356 U.S. 165, 188, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958); United States v. Levine, 288 F.2d 272 (2 Cir. 1961), and we affirm the judgment.

The order of the district court is modified to provide that the sentence is for imprisonment of six months.