UNITED STATES of America,
Appellee,

v.

Paul FERRARA, Appellant.

Nos. 432–433, Dockets 30455–30456.

United States Court of Appeals
Second Circuit.

Argued April 20, 1967.

Decided May 8, 1967.

Joshua N. Koplovitz, New York City
(Anthony F. Marra, New York City, on
the brief), for appellant.

Michael W. Mitchell, New York City
(Robert M. Morgenthau, U. S. Atty., for
the Southern District of New York,
Pierre N. Leval and Frederick F. Green-
man, Jr., New York City, of counsel), for
appellee.

Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Appellant Ferrara was convicted by jury verdict in the United States District Court for the Southern District of New York of having violated and conspired to violate the federal naroctics laws, 21 U.S. C. §§ 173, 174;[1] 26 U.S.C. § 4705(a).[2]

While the jury was deliberating on the charges against him appellant and a codefendant became fugitives. Appellant was not apprehended until nearly six months later. He pleaded guilty to a charge of contempt of court arising out of his flight. He was sentenced to twelve years imprisonment on the narcotics convictions and was given one year on the contempt charge to be served after completion of his sentence on the narcotics conviction.

At the trial in June 1965 the government introduced portions of a question and answer statement taken from appellant after his arrest in which he confessed his participation in the sale of narcotics. The trial judge conducted a *voir dire* hearing out of the presence of the jury and concluded that the statement was not obtained under duress or coercion and was therefore admissible. On the *voir dire* a federal agent testified he had told appellant "if he cooperated with the United States [Attorney] I felt sure he would get out on reduced bail." Ferrara argues that the agent's "promise" renders his confession involuntary as a matter of law.

Ferrara relies on Bram v. United States, 168 U.S. 532, 542–543, 18 S.Ct. 183, 187, 42 L.Ed. 568 (1897). The *Bram* opinion cites with approval the statement in an English textbook that a confession is not voluntary if "obtained by any direct or implied promises, however slight". That language has never been applied with the wooden literalness urged upon us by appellant. The Supreme Court has consistently made clear that the test of voluntariness is whether an examination of all the circumstances discloses that the conduct of "law enforcement officials was such as to overbear [the defendant's] will to resist and bring about confessions not freely self-determined \* \* \*." Rogers v. Richmond, 365 U.S. 534, 544, 81 S.Ct. 735, 741, 5 L.Ed.2d 760 (1961); see Haynes v. State of Washington, 373 U.S. 503, 513, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963), quoting Lynumn v. State of Illinois, 372 U.S. 528, 534, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963).

1. § 173. *Importation of narcotic drugs prohibited; exceptions; crude opium for manufacture of heroin; forfeitures.*
   It is unlawful to import or bring any narcotic drug into the United States or any territory under its control or jurisdiction \* \* \*.
   § 174. *Same; penalty; evidence.*
   Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000.
   Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.

2. § 4705. *Order forms.*
   (a) *General Requirement.*
   It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate.

■ There can be no doubt in the present case that defendant's statement was voluntary. Before the interview began the Assistant United States Attorney informed Ferrara, who was not uninitiated in the criminal law and who had two previous convictions, of all his rights, including his right to counsel and his right to remain silent. He was not subjected to any protracted interrogation nor was he threatened in any way. We hold that the agent's comment was not the kind of inducement or promise that would, by itself, make the confession involuntary.

Appellant also contends that the trial judge erred in instructing the jury concerning the permissible statutory inference of 21 U.S.C. § 174 (set out in full in footnote 1, supra). The court's initial charge on this question involved the substantive count against appellant's codefendant, and correctly stated that under Section 174 "in the absence of a satisfactory explanation" possession of narcotics "permits the inference that the heroin was imported contrary to law, and a further inference that the person in possession had knowledge of such unlawful importation." However, in dealing with count three of the indictment which charged both defendants with having violated Section 174, the court said:

"You remember what I told you the law provides with regard to that. If you are in possession, then unless you satisfactorily explain the possession, those elements [illegal importation and knowledge] have been met by the statutory presumption * * * which I read you not long ago."

Appellant concedes that no objection was taken to this second charge but argues that the reference to a presumption constitutes plain error which we may notice under Fed.R.Crim.P. 52(b).

■ We hold that the charge taken as a whole was not plainly erroneous. The second charge, whatever its failings, referred to the earlier correct charge. In a later charge the jury was instructed that it must find that Ferrara had constructive possession of the heroin before it could "apply that statute with regard to inferences that the heroin was unlawfully imported or that Ferrara had knowledge of the unlawful importation." The charge repeatedly referred to the government's burden of establishing guilt beyond a reasonable doubt. Finally it must be emphasized that the theory of Ferrara's defense did not raise the issue of his knowledge of illegal importation (see United States v. Aiken, 373 F.2d 294, 299 (2d Cir. 1967)). United States v. Hernandez, 361 F.2d 446 (2d Cir. 1966).

We have examined appellant's other claims of error at the trial and find them to be without substance.

■ On the other hand, we hold that appellant is correct in his contention that his one year sentence for criminal contempt should be reduced. In Cheff v. Schnackenberg, 384 U.S. 373, 380, 86 S.Ct. 1523, 1526, 16 L.Ed.2d 629 (1966) the Supreme Court ruled that "sentences exceeding six months for criminal contempt may not be imposed by federal courts absent a jury trial or waiver thereof." Defendant did not, as the government argues, waive his right to a jury trial by pleading guilty to the contempt charge, since at the time of his plea Cheff v. Schnackenberg, the case which established his right, had not yet been decided. Indeed, the record discloses that before Ferrara pleaded guilty counsel informed him that he had a "right to have a hearing without a jury to determine whether he was in criminal contempt." His guilty plea cannot be regarded as an intentional relinquishment of a known right. See, e. g., Johnson v. Zerbst, 304 U.S. 458, 461, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ This court has applied the rule of Cheff v. Schnackenberg retroactively to a case that was on appeal at the time *Cheff* was decided. See United States v. Harris, 367 F.2d 826 (2d Cir. 1966), cert. denied, 385 U.S. 1010, 87 S.Ct. 718, 17 L.Ed.2d 547 (1967). Exercising the "peculiar power of the federal courts to revise sentences in contempt cases" (Id. at 827, quoting Cheff v. Schnackenberg,

supra, 384 U.S. at 380, 86 S.Ct. 1523) we reduce the sentence to six months.

The sentence on the contempt charge is reduced to six months and the judgments of conviction are affirmed.