HOBSON, Acting Chief Judge.
The appellant contends his confession was involuntary and, therefore, the court erred in permitting the interrogating officer’s testimony concerning it. We agree and reverse.
This court has held that a confession obtained by any direct or implied promise is inadmissible. Bram v. U. S., 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897); Fillinger v. State, 349 So.2d 714 (Fla.2d DCA 1977). The State has the burden of showing the voluntariness of a confession. State v. Chorpenning, 294 So.2d 54 (Fla.2d DCA 1974). In the instant case, the arresting officer testified that he took the appellant to the police station and read his Miranda rights to him. The' officer then told the appellant that he already knew the answers to the questions he was going to ask and if the appellant was cooperative and told the truth he would try to keep the bond as low as possible.
In Fillinger, supra, the interrogating officer told the appellant that he had enough information to go to the state attorney and procure a warrant for her arrest. In addition, he stated that he would advise the state attorney whether she cooperated and would consider her cooperation in establishing the amount of bond. This court held that the circumstances indicated the confession was induced by promises of leniency and thus was not voluntary. Applying this rule to the instant case, the appellant’s confession should have been excluded.
A less stringent standard arguably was announced in United States v. Ferrara, 377 F.2d 16 (2d Cir. 1967). The court of appeals held that the statement of a federal narcotic’s agent to the defendant that he felt sure the defendant would get out on reduced bail did not render the confession involuntary. The court did not reject the test applied by this court; however, it stated a promise of reduced bail was not dispositive. Instead, all of the circumstances were examined to determine if the officer’s conduct *59 In overbore the defendant’s will to confess. Ferrara, the court’s conclusion that the confession was voluntary was influenced by the fact that the defendant had two prior convictions and, therefore, was familiar with his right to counsel and right to remain silent. Moreover, he was not subjected to protracted interrogation or threatened. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); United States v. Reynolds, 532 F.2d 1150 (7th Cir. 1976); United States v. Frazier, 434 F.2d 994 (5th Cir. 1970).
In the instant case, the appellant was eighteen years old at the time of the interrogation and had never been arrested. The officer stated he had known the appellant since he was ten. In addition to promising reduced bail, the officer told appellant he had already been identified and that he (the officer) knew the answers to the questions. While these statements may not rise to the level of threat, they certainly were intended to “overbear” the appellant’s will. These additional circumstances distinguish the instant case from Ferrara. Therefore, even applying the less stringent “totality of the circumstances test,” the appellant’s confession was involuntary.
The appellant also contends on appeal that the trial court violated his right to testify and right to counsel by forcing him to choose between not testifying or continuing the trial without counsel. The trial court informed the appellant that no member of the Florida Bar could represent him if he chose to testify. Appellant then agreed not to testify. The appellant’s first argument concerning the voluntariness of his confession is dispositive. Therefore, while we are disturbed that the trial court forced the appellant to choose between not testifying or continuing the trial without counsel, we do not reach that question.
REVERSED and REMANDED.
RYDER and DANAHY, JJ., concur.