405 So.2d 430 (1981)
Martha SPIKES, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-668.
District Court of Appeal of Florida, Third District.
September 29, 1981.
Bennett H. Brummer, Public Defender and Alan R. Dakan, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
BASKIN, Judge.
Defendant Martha Spikes was convicted and sentenced to life imprisonment for the second-degree murder of her child. She challenges the voluntariness of her confession, the trial court's refusal to instruct the jury on the lesser included offenses of assault and battery, and the trial court's failure *431 to sentence her as a youthful offender under section 958.04, Florida Statutes (1979). We affirm her conviction but vacate her sentence and remand for resentencing.
Detective Hanek decided to obtain a statement from defendant Spikes after he learned that she was the last person to see her child. Detective Hanek questioned her at her home and, later that day, spoke with her at the police station. In an interview room, he advised her of her rights. Although she uttered no verbal response, Ms. Spikes nodded her head from time to time. Officer Hanek left the room and Officer Maye entered accompanied by defendant's mother. When Officer Maye asked defendant Spikes if the first officer had advised her of her rights and if she understood what they meant, she nodded. After her mother left the room, defendant asked what had happened to a man who had beaten his child to death. Officer Maye explained that he did not know the case to which she referred. Defendant Spikes then proceeded to describe how she had covered the baby's nose and mouth and related other circumstances pertaining to her child's death. These statements were uttered by defendant Spikes of her own accord and not in response to questioning by Officer Maye.
Miranda warnings are a prerequisite to custodial interrogation, and the state must establish a waiver of constitutional rights prior to interrogating a person who is in custody. Fex v. State, 386 So.2d 58 (Fla. 2d DCA 1980). Because defendant Spikes volunteered her statement without police interrogation, the state was not required to establish that she had waived her rights. See Eleuterio v. Wainwright, 587 F.2d 194 (5th Cir.), cert. denied, 443 U.S. 915, 99 S.Ct. 3106, 61 L.Ed.2d 879 (1979); Antone v. State, 382 So.2d 1205 (Fla.), cert. denied, 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (1980); Dempsey v. State, 238 So.2d 446 (Fla. 3d DCA), cert. denied, 240 So.2d 646 (Fla. 1970).
We find no error in the court's refusal to instruct the jury on the elements of assault and battery as lesser included offenses of second-degree murder. Martin v. State, 342 So.2d 501 (Fla. 1977) and Brown v. State, 245 So.2d 68 (Fla. 1971) serve as authority for our affirmance of the court's action.
We find merit in defendant's contention that the court was required to sentence her as a youthful offender under section 958.04, Florida Statutes (1979), which provides:[[1]]
958.04 Eligibility for youthful offender; classification. 
(1) The court may classify as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony of the first, second, or third degree if such crime was committed before the defendant's 21st birthday; and
(c) Who has not previously been classified a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be classified a youthful offender under this act.
(2) A person shall be classified a youthful offender if such person meets the criteria of subsection (1) and such person:
(a) Has not previously been found guilty of a felony, whether or not the adjudication of guilt has been withheld; or
(b) Has not been adjudicated delinquent for an act which would be a capital, life, or first degree felony if committed by an adult.
Defendant Spikes was nineteen years old at the time the offense was committed. Her presentence investigation report disclosed *432 no prior record. Although it is punishable by life imprisonment, second-degree murder is classified a first-degree felony. § 782.04(2), Fla. Stat. (1979). These circumstances, argues defendant Spikes, bring her within the statute's mandate that she be sentenced by the court as a youthful offender for a period of incarceration not to exceed four years followed by a period of not more than two years to be served in a community control program under section 958.05(2).
In State v. Goodson, 403 So.2d 1337 (Fla. 1981), the supreme court ruled that the statute provides mandatory classification as a youthful offender if the statutory prerequisites are satisfied. Although defendant Spikes failed to raise the issue before the trial court, we may consider fundamental sentencing errors raised for the first time on appeal. Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981).
For these reasons, we affirm defendant's conviction but vacate her sentence and remand for resentencing in accordance with this opinion.
NOTES
[1] The legislature amended the statute, effective October 1, 1980, chapter 80-321, Laws of Florida, by removing its mandatory provisions. The amendment does not apply to defendant Spikes.