STATE of Iowa, Plaintiff-Appellee,

v.

Peter DHONDT, Defendant-Appellant.

No. 66587.

Court of Appeals of Iowa.

Aug. 26, 1982.

Charles H. Harrington, Asst. Appellate Defender, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Thomas N. Martin, Asst. Atty. Gen., for plaintiff-appellee.

OXBERGER, Chief Judge.

This is an appeal by the defendant from judgment and sentence entered pursuant to a jury verdict finding him guilty of two counts of burglary in the second degree in violation of section 713.3, The Code 1979.

In late September 1980, there were two break-ins in Marion county. One occurred at a service station in Pella, where the lock on the door of the business was twisted open by what appeared to have been a pipe wrench. In addition to some cash, some beer and about thirty cartons of cigarettes were missing. The station carried Marlboro cigarettes as well as other brands. The other break-in took place at a lunch counter in Otley, where, in addition to some coins, five cartons of cigarettes and a television set were missing.

On the basis of information supplied by Rick Horney, defendant's alleged accomplice, police obtained a warrant for the search of defendant's home in Newton. Among the items seized at his home and from his truck and his mother's car, were four cartons of Marlboro cigarettes, two pairs of gloves, two pairs of vise grips, and two guns.

Following his arrest, the defendant signed a written confession preceded by a printed waiver form which was also signed by him. Before signing the confession and its accompanying waiver, defendant was told by a police detective that in return for his statement, only one charge would be filed against him. According to the police officers involved at the time, defendant was told that only one charge would be filed against him in Jasper county, but at the suppression hearing and at trial, defendant claimed that he was told that only one charge would be filed without reference to particular counties. In addition, defendant testified he was informed that if he were not convicted on a burglary charge, he would be charged with violation of a federal gun law.

I. Voluntariness of the Confession.

"[A] confession in order to be admissible must be free and voluntary; that is, it must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *State v. Ware,* 205 N.W.2d 700, 703 (Iowa 1973), *quoting Bram v. United States,* 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed.2d 568 (1897). The voluntariness of a confession is determined by examining the totality of the circumstances, which is in turn determined by "the facts surrounding the inculpatory statement . . . their psychological impact on defendant, and . . . the legal significance of defendant's reaction." *State v. Cullison,* 227 N.W.2d 121, 127 (Iowa 1975) (citations omitted), cited in *State v. Munro,* 295

N.W.2d 437, 440 (Iowa 1980). The crucial test is whether the defendant's choice to confess was "essentially free and unconstrained with his will not overborne and his capacity of self-determination not critically impaired." *Id. See also Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), in which it was held that the mere fact that a defendant pleaded guilty to a lesser charge in order to avoid a possibly heavier sentence if he were to be found guilty after a trial by jury was not sufficient to establish that his guilty plea was coerced and therefore invalid. Defendant appeals to the doctrine enunciated in *Bram, supra,* in support of his contention that the law enforcement officers' promise to him that he would be prosecuted on only one charge of burglary constituted improper coercion. But the language in *Bram* "has never been applied with the wooden literalness urged upon us by appellant. The Supreme Court has consistently made clear that the test of voluntariness is whether an examination of all the circumstances discloses that the conduct of 'law enforcement officials was such as to overbear [the defendant's] will to resist and bring about confessions not freely self-determined. . . .' " *U.S. v. Ferrara,* 377 F.2d 16, 17 (1967), *citing Rogers v. Richman,* 365 U.S. 534, 544, 81 S.Ct. 735, 741, 5 L.Ed.2d 760 (1961). *See also Lynumn v. Illinois,* 372 U.S. 528, 534, 83 S.Ct. 917, 920, 9 L.Ed.2d 922, 926 (1963).

■ From the totality of the circumstances in this case, it is clear that defendant's confession was voluntary.

## II. Corroboration of the Confession.

■ "The confession of the defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the defendant committed the offense." Iowa R.Crim.P. 20(4). The existence of corroborated evidence is an issue for the trial court, and its sufficiency is ordinarily for the jury. *State v. Hobson,* 284 N.W.2d 239, 243 (Iowa 1979). The television set taken from the Otley establishment the vise grips seized from defendant's truck, and the cigarettes seized from defendant's residence, taken together with other evidence presented to the jury, constitute corroborative evidence. Whether this evidence was sufficient corroboration was a question of fact for the jury. *State v. Harrington,* 284 N.W.2d 244, 248 (Iowa 1979). Even where there is no positive proof that the goods are in fact those which have been taken in a break-in, "even possession of property of the same kind as that stolen may be considered where there are other corroborating circumstances." *State v. Wilman,* 244 N.W.2d 314, 316 (Iowa 1976).

We conclude therefore that defendant's confession was corroborated as required by Iowa R.Crim.P. 20(4).

## III. Sufficiency of the Evidence.

■ Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *State v. Robinson,* 288 N.W.2d 337 (Iowa 1980). Where the verdict is clearly against the weight of the evidence, a new trial should be granted. *State v. Tokatlian,* 203 N.W.2d 116, 119 (Iowa 1972). But if there is substantial support for the verdict in the record, the jury verdict is conclusive. *State v. Jones,* 271 N.W.2d 761, 763 (Iowa 1978). In determining the sufficiency of the evidence to support a guilty verdict, all the evidence must be reviewed in the light most favorable to the prosecution. *State v. Robinson, supra,* at 340, *citing Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 2784, 61 L.Ed.2d 560, 567, *rehearing denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126.

Applying these standards, we conclude that the evidence was sufficient to sustain the jury's verdict.

AFFIRMED.