48

James Kirk CAMPBELL *v.* STATE of Arkansas

CR 83-100                                    661 S.W.2d 363

Supreme Court of Arkansas
Opinion delivered November 28, 1983

*Wood Law Firm,* by: *Steven R. Davis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Marci L. Talbot,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of aggravated robbery and rape and sentenced to forty years on

each. On appeal it is argued that a custodial confession should have been excluded and that the evidence was insufficient to sustain either conviction. We cannot agree with these arguments.

The crime in this case was committed on June 15, 1982. On July 15, 1982, appellant was arrested on warrants issued as a result of informations filed by the prosecuting attorney. His arrest occurred at 11:50 A.M. and his written confession was obtained between 1:30 and 2:40 P.M. of the same day. Appellant was not identified by any of the victims. His custodial statement admitted he was with two joint defendants at the time these crimes occurred but denied he actively participated in the criminal acts. The rape victim stated she was raped by three different persons. The robbery victims all stated the three intruders were each armed with a handgun. All the testimony indicated three young men barged into the victims' home and robbed the couple and their son. After tying the two men up they then each raped the woman.

First, it is argued the court erred in not suppressing the statement given by the appellant while he was in custody. A custodial statement is considered suspect in an attack upon it and the state has the burden of proving by a preponderance of the evidence that it was a voluntary statement. *Harvey* v. *State,* 272 Ark. 19, 611 S.W.2d 762 (1981). This court will not reverse a trial court's discretionary ruling unless it is clearly against the preponderance of the evidence. *Giles* v. *State,* 261 Ark. 413, 549 S.W.2d 479 (1977). The appellant argues his confession was the result of threats, force and intimidation. Two officers testified that he voluntarily executed the waiver of rights form and that his confession was voluntary. We hold the evidence is sufficient to sustain the ruling of the trial court.

Appellant argues that the evidence on each crime was insufficient to support a conviction. If there is substantial evidence to support a conviction we do not reverse. *Ford* v. *State,* 276 Ark. 98, 633 S.W.2d 3 (1982). The rape victim testified she recognized the other two defendants and that three different men raped her. The husband and son of the rape victim testified all three men possessed handguns when

they were robbed. The appellant admitted he was present with the other two at the time and place of the crimes but simply denied he participated. There was sufficient evidence to support each conviction.

Affirmed.