## Roosevelt TIPPITT *v.* STATE of Arkansas

CR 84-193                                        686 S.W.2d 420

Supreme Court of Arkansas
Opinion delivered March 25, 1985

*Jeff Rosenzweig,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of aggravated robbery and theft. He appeals from his conviction and thirty-five year sentence on the ground that his written statement should have been suppressed. Under the circumstances of this case we hold that the trial court properly refused to suppress the statement.

While in custody as a suspect in an aggravated robbery and attempted capital murder case, the appellant gave a written statement in which he admitted he was the driver of

the getaway car in the robbery under investigation. The attempt charge was the result of shots being fired at the police officer while the robbers fled the scene. Two accomplices were charged with aggravated robbery and attempted capital murder. The investigating officers agreed not to charge appellant with attempted capital murder in return for his statement, which was used against him at his trial on charges of aggravated robbery and theft.

The issue before us is whether the inculpatory custodial statement, given in exchange for a promise not to prosecute appellant for an additional crime, should have been suppressed. There is no dispute that the statement was given in exchange for the promise not to charge appellant with attempted capital murder. The *Miranda* warnings were given prior to the statement being made. Custodial statements are presumed involuntary and the state must overcome the presumption by a preponderance of the evidence. *Campbell* v. *State*, 281 Ark. 48, 661 S.W.2d 363 (1983). Statements given with hope of reward are not voluntary. *Hutto* v. *Ross*, 429 U.S. 28 (1976).

We considered this same problem in *Williams* v. *State*, 281 Ark. 91, 663 S.W.2d 700 (1983). Williams initiated the deal with the officers and the prosecuting attorney. Williams had an attorney but appellant here did not. In *Williams* we held that the promise of reward (to charge first degree murder rather than capital murder) was given in good faith and was kept. Considering the totality of the circumstances we held Williams's statement was properly admitted. A false promise which misleads an accused renders his statement involuntary. *Davis* v. *State*, 275 Ark. 264, 630 S.W.2d 1 (1982).

Under the facts and circumstances of this case, when considered in their totality, we think the trial court was correct in admitting the statement. The appellant struck a bargain, which was closely related to a plea bargain, and both sides kept their promises. Most likely the deal was a wise one for the appellant. In any event we can find no prejudicial error.

Affirmed.