**Roosevelt TIPPITT, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.**

**No. 87-2443.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1988.

Decided Oct. 17, 1988.

Rehearing Denied Nov. 22, 1988.

Marie-Bernarde Miller, Little Rock, Ark., for appellant.

William F. Knight, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and STUART, Senior District Judge.[*]

STUART, Senior District Judge.

The appellant, Roosevelt Tippitt, was convicted and sentenced as a habitual offender for Aggravated Robbery and Theft of Property under Ark.Stat.Ann. § 41-2101 and § 41-2203. The judgment of conviction was affirmed on appeal by the Arkansas Supreme Court. *Tippitt v. State*, 285

---

[*] The Honorable William C. Stuart, Senior District Judge for the Southern District of Iowa, sitting by designation.

Ark. 294, 686 S.W.2d 420 (1985). After meeting the exhaustion requirement of 28 U.S.C. § 2254(b), appellant petitioned the United States District Court for the Eastern District of Arkansas for a writ of habeas corpus on the ground that his written statement was involuntarily given and should have been suppressed. The district court [1] denied his petition and this appeal under 28 U.S.C. § 1291 followed.

## BACKGROUND

While in custody as a suspect in an aggravated robbery and attempted capital murder case, the appellant gave a written statement in which he admitted he was the driver of the getaway car in the robbery under investigation. The attempt charge was the result of shots being fired at the police while the robbers fled the scene. Two accomplices were charged with aggravated robbery and attempted capital murder. The investigating officers promised not to charge appellant with attempted capital murder in return for his statement. After having been given the Miranda warnings, the appellant gave the statement which was used against him at his trial on charges of aggravated robbery and theft. Appellant was not charged with attempted capital murder.

## DISCUSSION

The issue before us is whether appellant's inculpatory custodial statement, given in exchange for a fulfilled promise of police officers that he would not be prosecuted for the crime of capital murder, should have been suppressed as having been involuntarily induced.

Appellant's primary position is that such a promise is a per se violation of his constitutional right to due process under the Fifth and Fourteenth Amendments to the United States Constitution. He relies on statements in many of the cases [2] to the effect that the voluntariness of a confession depends upon "whether the confession was 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises however slight, [or] by the exertion of any improper influence' *Bram v. United States*, 168 U.S. 532, 542–543 [18 S.Ct. 183, 187, 42 L.Ed. 568] (1897)." *Hutto v. Ross*, 429 U.S. 28, 97 S.Ct. 202, 50 L.Ed.2d 194 (1976).

The language used in these cases, if taken literally, would seem to require the court to hold that a confession obtained upon such a promise, even if kept, must be held to have been given involuntarily. Surprisingly, neither party nor the court, has found, among the myriad of cases involving the voluntariness of confessions, any in which a court has considered the legal significance of such conduct. However, subsequent cases [3] have not applied the language literally.

While the *Bram* test has long been followed, it has not been interpreted to be applied on a strict, per se basis. *See United States v. Reynolds*, 532 F.2d 1150 (7th Cir.1976); *United States v. Springer*, 460 F.2d 1344 (7th Cir.), *cert. denied*, 409 U.S. 873, 93 S.Ct. 205, 34 L.Ed.2d 125 (1972); *United States v. Frazier*, 434 F.2d 994 (5th Cir.1970); *United States v. Ferrara*, 377 F.2d 16 (2d Cir.), *cert. denied*, 389 U.S. 908, 88 S.Ct. 225, 19 L.Ed.2d 225 (1967). Rather, as expressed by the Supreme Court, determinations of voluntariness are based

---

1. The Honorable Henry Woods, District Judge for the Eastern District of Arkansas.

2. *Wilson v. U.S.*, 162 U.S. 613, 623, 16 S.Ct. 895, 899, 40 L.Ed. 1090 (1896) "the true true test of admissibility is that the confession is made freely, voluntarily and without compulsion or inducement of any sort."; *Bram v. U.S.*, 168 U.S. 532, 557–558, 18 S.Ct. 183, 192–193, 42 L.Ed. 568 (1897) "In this court the general rule that the confession must be free and voluntary, that is, not produced by inducements engendering either hope or fear, is settled by the authorities

referred to at the outset." (One of the textbooks cited on page 542 used the phrase "however slight" that subsequent cases picked up.); *U.S. v. Shears*, 762 F.2d 397, 401 (4th Cir.1985); *Rachlin v. U.S.*, 723 F.2d 1373, 1377 (8th Cir.1983).

3. *U.S. v. Robinson*, 698 F.2d 448, 455 (D.C.Cir. 1983); *U.S. v. Shears*, 762 F.2d 397, 401–401 (4th Cir.1985); *U.S. v. Frazier*, 434 F.2d 994, 996 (5th Cir.1970); *U.S. v. Springer*, 460 F.2d 1344, 1347 (7th Cir.1972); *U.S. v. Reynolds*, 532 F.2d 1150, 1158–1159 (7th Cir.1976).

upon an assessment of all of the circumstances and factors surrounding the occurrence when the statement is made. *Schneckloth v. Bustamonte, supra, Haynes v. Washington*, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); *Culombe v. Connecticut*, 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961). This flexible standard allows for judicial determinations of voluntariness in myriad situations without such decision making being hampered by rigid and potentially artificial restraints. The "totality of the circumstances" inquiry requires the reviewing court to investigate and analyze "both the characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte, supra*, 412 U.S. [218] at 226, 93 S.Ct. [2041] at 2047, 36 L.Ed.2d [854] at 862 [ (1973) ].

*U.S. v. Grant*, 622 F.2d 308, 316 (8th Cir. 1980).

Ferrara relies on *Bram v. United States*, 168 U.S. 532, 542–543, 18 S.Ct. 183, 187, 42 L.Ed. 568 (1897). The *Bram* opinion cites with approval the statement in an English textbook that a confession is not voluntary if "obtained by any direct or implied promises, however slight." That language has never been applied with the wooden literalness urged upon us by appellant. The Supreme Court has consistently made clear that the test of voluntariness is whether an examination of all the circumstances discloses that the conduct of "law enforcement officials was such as to overbear [the defendant's] will to resist and bring about .confessions not freely self-determined * * *." *Rogers v. Richmond*, 365 U.S. 534, 544, 81 S.Ct. 735, 741, 5 L.Ed.2d 760 (1961); *see Haynes v. State of Washington*, 373 U.S. 503, 513, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963), quoting *Lynumn v. State of Illinois*, 372 U.S. 528, 534, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963).

*U.S. v. Ferrara*, 377 F.2d 16, 17 (2d Cir. 1967).

■ Government agents may initiate conversations on cooperation without rendering a confession involuntary. *United States v. Williams*, 479 F.2d 1138 (4th Cir.), *cert. denied*, 414 U.S. 1025, 94 S.Ct. 452, 38 L.Ed.2d 317 (1973); *Rachlin v. United States*, 723 F.2d 1373 (8th Cir.1983); and *United States v. Vera*, 701 F.2d 1349 (11th Cir.1983). Various courts have held that government agents may promise to make a defendant's cooperation known to the prosecutor and may even be able to make and breach certain promises without rendering a resulting confession involuntary. *See, e.g., United States v. Robinson*, 698 F.2d 448 (D.C.Cir.1983); and *United States v. Ferrara*, 377 F.2d 16 (2d Cir.), *cert. denied*, 389 U.S. 908, 88 S.Ct. 225, 19 L.Ed.2d 225 (1967).

The *Bram* language has not and should not be interpreted to require the exclusion of a statement given in exchange for a promise not to prosecute for an additional crime. A ruling holding that such an agreement would make the statement per se excludable would be in conflict with the well-established rule that the totality of the circumstances must be considered in determining whether the confession is the result of overbearing by the police authorities. Such a promise is merely one of the circumstances to determine whether the statement was freely and voluntarily given. We will now turn to that issue. ।

■ Custodial statements are presumed involuntary and the state must overcome the presumption by a preponderance of the evidence. *Campbell v. State*, 281 Ark. 48, 661 S.W.2d 363 (1983).

The voluntariness of a confession is a legal inquiry subject to plenary review by the appellate courts. *Miller v. Fenton*, 474 U.S. 104, 115 [106 S.Ct. 445, 452, 88 L.Ed.2d 405] (1985). In determining whether a confession was voluntary we must examine the entire record for evidence that the statement was given under such circumstances which would indicate that the defendant was coerced or his will overborne. *Davis v. North Carolina*, 384 U.S. 737, 739 [86 S.Ct. 1761, 1763, 16 L.Ed.2d 895] (1966); *see also Rachlin v. United States*, 723 F.2d 1373, 1377 (8th Cir.1983). In this analysis the

court employs a flexible totality of the circumstances approach, considering the specific interrogation tactics employed, the details of the interrogation, and the characteristics of the accused. *Rachlin,* 723 F.2d at 1377.

*U.S. v. Wilson,* 787 F.2d 375, 380–381 (8th Cir.1986).

Some of the factors taken into account include the youth of the accused, his lack of education, or his low intelligence, the lack of any advice as to his constitutional rights, the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as deprivation of food or sleep.

*Hall v. Wolff,* 539 F.2d 1146, 1150–1151 (8th Cir.1976).

 An examination of the transcript in this case convinces us that Mr. Tippitt is a black male with eleven years of formal education and a Graduate Equivalent Degree. He was first approached by police officers at an apartment complex in Little Rock, Arkansas, at approximately noon on February 2, 1984. He was considered a suspect in a robbery and attempted shooting which had occurred two days previous. It is not clear from the transcript whether the officers who approached him at the apartment complex placed him under arrest or merely "asked him if he would come to headquarters." The state supreme court did, however, conclude that the statement given by petitioner was made while he was in custody, *see Tippitt v. State,* 686 S.W.2d at 421, so we accept that he was placed under arrest at the apartment complex. Upon arriving at police headquarters, petitioner was read his *Miranda* rights, but he did not choose to exercise them. The officers supervising him at police headquarters testified at the suppression hearing that he was "perfectly calm and acting perfectly normal." At approximately 2:20 p.m., having been in police custody for an hour, Mr. Tippitt gave the officers a statement implicating himself in the robbery of the Butcher Shop. Both the trial court and the appellant court found that petitioner's statement was given in exchange for a promise by the officers not to charge him with capital felony murder, an offense with which his two accomplices had been previously charged. This promise was fulfilled. No other promises or threats were made to him.

After considering the age and education of appellant, and the nature and extent of the interrogation, we conclude that the written confession given by appellant was the product of his rational and voluntary decision and that the officers' promise did not coerce or overbear his free will.

The decision of the district court is accordingly affirmed.