"Shane" Zachary BURKETT *v.* STATE of Arkansas

CA CR 90-17                                      796 S.W.2d 355

Court of Appeals of Arkansas
Division I
Opinion delivered October 10, 1990

*Linda Scribner*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. "Shane" Zachary Burkett appeals from the denial of his motion to reduce his sentence by deleting the requirement that he pay restitution. We affirm.

Appellant was arrested for the theft of a 1989 Ford Mustang belonging to Lewis Ford Company. When the vehicle was recovered, it was determined to be a total loss, and the victim's insurance company paid all but a deductible sum of $987.47. Because of his age, appellant was charged in the Washington County Circuit Court, Juvenile Division, with juvenile delinquency. On September 12, 1989, appellant entered a plea of guilty. Sentencing was deferred until October 3, 1989, at which time appellant was placed on probation for six months and ordered to pay restitution.

Appellant then moved to reduce his sentence by excluding restitution. At a hearing held on November 14, 1989, appellant contended that the court should not order restitution because appellant's accomplice in the theft had previously been ordered by another court to pay restitution in the full amount of the loss. The court denied appellant's motion and ordered that he pay restitution in the amount of $329.16, or one-third of the total loss suffered by the victim. Appellant appeals from that order.

■ Initially, we note that the State contends that this appeal should be dismissed because appeals do not lie from guilty pleas. While appeals ordinarily do not lie from guilty pleas, *see Jenkins* v. *State*, 301 Ark. 20, 781 S.W.2d 461 (1990), a trial court has authority under Ark. Code Ann. § 16-90-111(b)(1) (Supp. 1989) to reduce a sentence on motion within 120 days of the imposition of the sentence. *Jones* v. *State*, 301 Ark. 510, 785 S.W.2d 217, *supp. op. on denial of reh'g*, 301 Ark. 512-A, 789 S.W.2d 730 (1990); *see State* v. *Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990). *Jones* holds that the appellate courts have jurisdiction to consider on appeal the actions taken by trial courts on such motions. Here, appellant was sentenced on October 3, 1989. He then timely moved for a reduction of that sentence. That motion was denied on November 14, 1989, and appellant has appealed from that order. We conclude that we have jurisdiction to consider this appeal.

■ Appellant contends that the trial court erred in not deleting the requirement that he pay restitution. He contends that the court illegally is effecting a double recovery for the victim, since appellant's accomplice had been ordered to pay restitution in the full amount of the outstanding loss. We do not address this issue as the record contains no proof that anyone else had been ordered to pay such restitution for this crime. Although appellant's counsel referred to a document that she claimed required appellant's accomplice to pay restitution for this loss, that document was not introduced, and it is clear that statements and argument of counsel are not evidence. The only witness at the hearing, a representative of the victim, testified the he was unaware of any such order and that no one had made restitution in any amount.

Affirmed.

WRIGHT, Acting C.J., and JENNINGS, J., agree.