William Logan KNIGHT v. STATE of Arkansas

CA CR 97-845                                    971 S.W.2d 272

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered June 24, 1998

*James E. Davis*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in the case at bar admitted that he raped a five-year-old girl. After he was charged with that offense, he contended that his confession was illegally obtained and moved to suppress it. The trial court denied the motion. Pursuant to Ark. R. Crim. P. 24.3(b), appellant entered a conditional guilty plea and was sentenced to twenty-five years' imprisonment. He now appeals from the trial court's denial of his motion to suppress his confession. We affirm.

Rule 24.3(b) presents an exception to the rule prohibiting appeal from a guilty plea, but only for the purpose of determining on appeal whether an appellant should be allowed to withdraw his plea if it is concluded that evidence should have been, but was not, suppressed as having been illegally obtained. *Wofford v. State*, 330 Ark. 8, 952 S.W.2d 646 (1997).

A custodial statement is presumptively involuntary; it is the State's burden to prove by a preponderance of the evidence that a custodial statement was given voluntarily and was knowingly and intelligently made. *Humphrey v. State*, 327 Ark. 753, 940 S.W.2d 860 (1997); *Kennedy v. State*, 325 Ark. 3, 923 S.W.2d 274 (1996). When reviewing the voluntariness of confessions, we make an independent determination based on the totality of the circumstances, and reverse the trial court only if its decision was clearly erroneous. *Humphrey v. State, supra.* In determining whether a confession was voluntary, we consider the age, education, intelligence, and vulnerability of the accused; lack of advice as to his constitutional rights; statements made by the interrogating officer; the length of detention; the repeated and prolonged nature of questioning; and the use of physical punishment. *Hood v. State*, 329 Ark. 21, 947 S.W.2d 328 (1997). The credibility of the witnesses who testified concerning the circumstances surrounding the defendant's custodial statement is for the trial court to determine. *Williams v. State*, 55 Ark. App. 156, 934 S.W.2d 931 (1996).

In the case at bar, appellant was not arrested and brought to the police station, but instead surrendered voluntarily. The interview at the police station took less than two hours, and there is no suggestion that he was physically threatened. Appellant was thirty-eight years old, of average intelligence, and had three years of college education.

Appellant's argument for reversal centers on three statements made by the interrogating officer during the interview: that probation was a possibility, that she could recommend a bond amount ranging from $50,000 to $1,000,000, and that appellant would receive a lesser sentence if he cooperated.

A statement induced by a false promise of reward or leniency is not a voluntary statement. *Clark v. State*, 328 Ark. 501, 944 S.W.2d 533 (1997). From our careful review of the record in light of this principle, we conclude there is no evidence that appellant's confession was obtained in exchange for a false promise. *See id.*

> Some police statements are so clearly false promises of rewards that we do not find it necessary to look beyond the statement and

the police action to decide that the confession was involuntary. Examples of such statements are found in *Freeman v. State*, 258 Ark. 617, 527 S.W.2d 909 (1975), in which the prosecutor told a defendant, who later received a life sentence, that a confession "would not result in more than 21 years incarceration," and in *Teas v. State*, 266 Ark. 572, 587 S.W.2d 28 (1979), in which the defendant received the maximum sentence after being promised a recommendation of leniency and perhaps even dismissal of the charge. Such false promises of rewards constitute prosecutorial misconduct, and the confessions induced by them are to be automatically excluded.

*Hamm v. State*, 296 Ark. 385, 757 S.W.2d 932 (1988).

■ Focusing, then, on the police statement and subsequent action, the record shows that the following transpired with respect to the possibility of probation:

[APPELLANT]: Is there any way I can get, get this brought down to a, like a misdemeanor so that I can be on probation so I can take care of my family?

[OFFICER WYATT]: It won't be brought down to a misdemeanor, but you . . . you can uh, end up getting lesser time and get on probation or something.

[APPELLANT]: If . . . do you think I could have probation?

[OFFICER WYATT]: It's a possibility.

[APPELLANT]: My concern is that, if I were sent to a penitentiary, there would be no money to take care of my family.

[OFFICER WYATT]: That's why, uh, federal aid's out there. And your wife is capable of getting a job.

[APPELLANT]: Okay. But the, the lifestyle and the money that she's accustomed to would not be . . .

[OFFICER WYATT]: Well, she'd just have to get used to another lifestyle.

Appellant contends that this constituted a false promise of probation. We disagree. Viewed in context, this exchange clearly shows that appellant was told to expect to serve a term of imprisonment and could not hope to be sentenced to probation in lieu of imprisonment. Although it is true that probation is no longer

available as an alternative to imprisonment for a class Y felony, Ark. Code Ann. § 5-4-301(a)(1)(C) (Repl. 1997), any additional term of imprisonment may properly be suspended under § 5-4-104(c), the result being, in effect, unsupervised probation. Although the interrogating officer was technically incorrect in stating that probation *per se* could follow a term of imprisonment, a misstatement of fact by the officer, standing alone, does not invalidate a subsequent confession. *Pyles v. State*, 329 Ark. 73, 947 S.W.2d 754 (1997). Viewing the officer's statements in context, we do not think appellant could reasonably have believed that he was being offered probation in lieu of imprisonment.

■ Nor do we find a false promise of reward in the police officer's statement that she could recommend a bond amount ranging from $50,000 to $1,000,000. The court set bond at $100,000, at the lower end of the range mentioned by the officer and, in fact, the record reflects that appellant was released on bond soon after undergoing a court-ordered psychiatric examination. On this record, we cannot say that the officer's statement regarding bond amount constituted a false promise or inducement.

■ Next, appellant contends that his confession was invalidated by the officer's statement, following a discussion of the possibility of life imprisonment for a class Y felony, that: "[T]he more cooperative you are, the less your sentence gonna be. And I guarantee you that." Comparing the police statement with the subsequent action, the record shows that appellant received a sentence of twenty-five years. The authorized range of punishment for a class Y felony is not less than ten years and not more than forty years, or life. Ark. Code Ann. § 5-4-401 (Repl. 1997). Furthermore, the prosecuting attorney stated, without objection, that appellant was offered a reduced sentence because of his cooperation, and that, in three specific cases involving similar facts where the defendants did not cooperate, the State sought and obtained life sentences. Finally, we note that the interrogating officer testified that, during a break in the interview, she informed appellant that she had no control over giving him probation or reducing the charges against him because these matters were in the hands of the judge, jury, and prosecuting attorney. Ultimately, the question is one of credibility regarding the circumstances sur-

rounding appellant's custodial statement, and that question is for the trial court to determine. *Williams v. State, supra.* Considering the totality of the circumstances, it appears that any promise of a lesser sentence that could be inferred from the officer's statement was kept by the State, and we find no prejudicial error. *Tippitt v. State,* 285 Ark. 294, 686 S.W.2d 420 (1985).

Affirmed.

AREY, CRABTREE, and MEADS, JJ., agree.

ROGERS and GRIFFEN, JJ., dissent.

JUDITH ROGERS, Judge, dissenting. In this case, a police officer exacted a confession from the appellant after guaranteeing him that "the more cooperative you are, the less your sentence gonna be," by giving him the impression that probation was a possibility, and by hinting that she could make things either difficult or easy for him by recommending bond "from $50,000 on up to $200,000 or to a million." I must respectfully dissent to an affirmance of the denial of appellant's motion to suppress.

A statement induced by a false promise of reward is not a voluntary statement. *Hamm v. State,* 296 Ark. 385, 757 S.W.2d 932 (1988). The supreme court has explained that some statements are clearly a promise of reward, and where so, the confession is deemed involuntary. *Durham v. State,* 320 Ark. 689, 899 S.W.2d 470 (1995). In other cases, the promise is more ambiguous. In those instances, the reviewing court must also look to the vulnerability of the defendant to aid in the determination. *Id.*

In my opinion, two promises of reward were made that were so clearly false that it is not necessary to consider the vulnerability of the appellant. *See Stone v. State,* 43 Ark. App. 203, 863 S.W.2d 319 (1993). Before confessing, appellant expressed concern about the financial welfare of his family should he be imprisoned. In this atmosphere, the officer stated a deliberate falsehood that probation was a possibility. The majority glosses over this lie by saying that, while probation was not an available sentence, it was possible for a portion of a sentence to be suspended. With all due respect, a sentence of probation, with no jail time, does not equate with serving a term of imprisonment followed by a period of suspen-

sion or "unsupervised probation." That there was some discussion of altering lifestyles should imprisonment occur, it remains that the officer's statements gave appellant the false hope that probation was a possibility. This false statement does invalidate the confession.

As a second false promise of reward, the officer offered appellant an unqualified guarantee of leniency in exchange for his cooperation. In truth, the officer was in no position of authority to make such an assurance. And, the only testimony she gave to support this statement was that in her eighteen years of experience she was "aware of cases where defendants who cooperated received lesser sentences." This falls short of establishing a foundation upon which to make a guarantee. While the majority relies on the statements of the prosecutor to buttress the officer's testimony on this point, the law is clear that statements and arguments of counsel are not evidence. *Davis v. State*, 33 Ark. App. 198, 804 S.W.2d 373 (1991); *Burkett v. State*, 32 Ark. App. 60, 796 S.W.2d 355 (1990). Regardless of whether there was an objection, the statements of the prosecutor do not qualify as competent evidence upon which to base an affirmance. At the end of the day, appellant received a lengthy twenty-five-year term of imprisonment. This is by no means a light sentence.

Whether a confession was made pursuant to a promise of leniency is an issue which is decided on a case-by-case basis. *Stone v. State*, 43 Ark. App. 203, 863 S.W.2d 319 (1993). In the case at bar, credibility is not a factor, as the record speaks for itself. The officer admitted that she made a guarantee of leniency and that she lied when she told appellant that probation was possible. The officer's testimony, that she informed appellant during a break in the interview that the question of probation and "reduced charges" were matters not within her control, does not improve the State's predicament. Even then, the officer was still leading appellant to believe that probation was a possible sentencing alternative. And, any question of reduced *charges* does not speak to the guarantee of a lighter *sentence*. Besides, it was the officer's testimony that "I told him that the charge could not be reduced to a misdemeanor, but that he could get less time or probation if he

cooperated." Thus, the testimony concerning lack of control does not stand as a disclaimer.

The officer's statements were misleading and were intended to deceive. Since a confession resulted, we have no choice but to reverse the trial court's decision. While I share the prevailing judges' abhorrence of this offense, I cannot allow this sentiment to cloud my legal analysis of the issue presented.

I am authorized to state that Judge GRIFFEN also joins in this dissent.

WENDELL L. GRIFFEN, Judge, dissenting. Like the members of our court who vote to affirm appellant's conviction for raping his five-year-old daughter, I consider that crime reprehensible. Yet, I am convinced that the trial court erred in refusing to suppress appellant's confession after a police officer knowingly, purposely, and deliberately lied by telling appellant that probation was possible for the crime he was accused of committing, and then purported to guarantee that appellant's sentence would be lowered if he cooperated with the police. Therefore, I would reverse appellant's conviction and sentence and remand his case for a new trial.

It is undisputed that Officer Joyce Wyatt lied to appellant during interrogation when she told him that by confessing to raping his daughter he could "end up gettin' lesser time an' get on probation or somethin'." Wyatt testified at the suppression hearing that she knew probation is not possible for a Class Y felony such as rape. The State argues that her comment was not a false promise of reward or false statement meant to deceive appellant so as to procure an untrue statement from him, and that appellant was not misled or deceived.

It is well settled law in Arkansas that statements made while in police custody are presumed to be involuntary, and place the State under the burden to show that they were made voluntarily, freely, and understandingly, *without hope of reward or fear of punishment*. In determining whether a statement is voluntary, we must make an independent review of the totality of the circumstances, and will not reverse unless the trial court's findings are clearly against the preponderance of the evidence. However, all doubts

are resolved in favor of individual rights and safeguards. *Stephens v. State*, 328 Ark. 81, 941 S.W.2d 411 (1997).

It is equally beyond question that the prospect of probation is attractive for most persons charged with breaking the law, whether they are charged with speeding, rape, or murder. It should come as no surprise to anyone, therefore, that the notion of probation is very attractive for someone facing prosecution for raping a five-year-old. There is absolutely no basis in this record for concluding that appellant had any objective reason to doubt Wyatt's assertion that he might be placed on probation if he cooperated, nor is there any reason to doubt that the fear of punishment for rape, if not the hope of reward through probation, was a strong factor influencing appellant's decision to confess to the crime.

The State's claim — that Wyatt's false statement about the possibility of appellant being placed on probation was not meant to deceive appellant — is unpersuasive. By definition, lies are untruths designed to be believed; otherwise there is no point in lying. When a police officer knows that there is no possibility for probation in a rape case, yet tells a rape suspect the lie that probation might be possible if the suspect cooperates with the investigating effort, the officer certainly hopes the suspect will believe the lie and waive the right against self-incrimination at the very least, if not the right to counsel and other rights that protect persons accused of criminal conduct. After all, the police know the difficulties involved in prosecuting rape charges, especially when the accused and victim belong to the same family. The police know that conviction can only occur after the prosecution carries the heavy burden of proving the accused's guilt beyond a reasonable doubt. The police know that a confession greatly eases the difficulties faced by the prosecution, while simultaneously raising the chances of obtaining a conviction or guilty plea. Therefore, judges should not believe that the police do not mean to deceive a rape suspect when they tell him that cooperating with their investigation may enable him to be placed on probation.

In the same conversation when she lied to appellant and told him that probation might be possible for his rape charge, Wyatt also told appellant "the more cooperative you are, the less your sentence gonna be. An' I guarantee you that." Wyatt had no

power to dictate or influence any sentence that appellant would have received in any event. The record contains nothing to show that she, or the police department generally, had any role in sentencing.

We are conditioned to expect lies from people accused of committing crimes. We should not be surprised that the police are, understandably, eager to bring lawbreakers to justice. But we should not expect the public to trust a criminal justice process that essentially gives police what I have termed a "free-lie zone" during criminal interrogations when they try to out-lie the people they accuse of breaking the law. I stated my concerns on this subject in my concurring opinion in *Williams v. State*, 56 Ark. App. 156, 940 S.W.2d 500 (1997). We should call a legal system just if it works to find the truth while respecting and protecting the constitutional rights of those accused of committing crimes, not if it merely works to manufacture the most cunning lie that will support a popular result. It is hard enough to find the truth; we do not need the police to help hide it.